Sullivan Savings Institution v. Young.

AFFIRMED.

SULLIVAN SAVINGS INSTITUTION v. YOUNG ET AL.

1. **Mortgage:** TO SECURE ANTECEDENT DEBT: CONSIDERATION. An extension of time for the payment of the interest due on an antecedent debt, although for one day only, is sufficient consideration to support a mortgage executed to secure the debt.

*Appeal from Fremont District Court.*

SATURDAY, DECEMBER 11.

ACTION to reform and foreclose a mortgage executed by the defendant Young. The land mortgaged was described as being in range forty-two, whereas, it is, in fact, in range

forty-three. The right to the reformation and foreclosure against the defendant Young is not denied. But, after the execution of the plaintiff's mortgage, Young executed to the defendant Payne a mortgage upon the land intended to be mortgaged to the plaintiffs, Payne at the time having no knowledge of the mortgage to the plaintiffs. The court held that Payne's mortgage is paramount, and rendered a decree accordingly. The plaintiff appeals.

*Stow & Hammond*, for appellant.

*T. C. Wood*, for appellee.

ADAMS, CH. J.—The mortgage to Payne was given to secure an antecedent debt. The plaintiff claims that, such being the

1. MORTGAGE: to secure antecedent debt: consideration.

fact, he was not a purchaser for value in such sense as to entitle him in equity to have his mortgage declared paramount. In support of his position he cites *Padgett v. Lawrence*, 10 Paige, 180; *Coddington v. Bay*, 20 Johns., 637; *Root v. French*, 13 Wend., 570; *Stalker v. McDonald*, 6 Hill, 93; *Dickerson v. Tillinghast*, 4 Paige, 215. It is conceded, however, that the authorities are not uniform. What the true rule is in that respect we do not feel called upon to determine. Payne sets up that he granted by agreement an extension of time as the consideration of the execution of the mortgage. If such extension was granted, it would certainly constitute a sufficient consideration. *Drury v. Fay*, 14 Pick., 326; *Boyd v. Friege*, 5 Gray, 558; *Wormer & Sons v. Waterloo Ag. Works*, 50 Iowa, 262. The plaintiff, however, denies such extension.

The notes were not renewed, except that a new note was given for accrued interest, which note was executed as of the date of the mortgage and made payable one day after date. Evidence was introduced showing that an agreement was entered into whereby the original notes were extended, but this evidence was parol, and the plaintiff insists that it was

not competent because inconsistent with the conditions of the mortgage.

In the view which we take, it will only be necessary to consider the effect of the giving of the note for the accrued interest, made payable one day after date.

The plaintiff insists that an extension of one day is not sufficient to constitute a consideration, but our attention is called to no decision which supports this proposition. An extension of one day might, under some circumstances, be of great advantage to the debtor, or of great disadvantage to the creditor. It was held in *Harlan v. Harlan*, 20 Penn. St., 303, that a very slight disadvantage to one party, or a trifling inconvenience to the other, is a sufficient consideration to support a contract. In *Sykes v. Lafferry*, 27 Ark., 407, it was held that the waiver of a legal right is a sufficient consideration to support a contract. In Jones on Mortgages, 1 Vol., § 459, it is said: "The giving of further time for the payment of an existing debt by a valid agreement for any period, however short, is a valuable consideration, and is sufficient to support a mortgage as a purchase for a valuable consideration." The same doctrine was enunciated in *Cary v. White*, 52 N. Y., 138, the court saying: "If there was an extension of time for a single day by a valid agreement as a consideration of the mortgage, there was a valuable consideration within the rule." This doctrine commends itself to us as sound. We are unable to discover by what rule we could determine what length of time would be sufficient, if one day is not. A longer extension might be of greater advantage to the debtor, or of greater disadvantage to the creditor, but neither the advantage nor the disadvantage would be more tangible or real.

In our opinion, Payne's mortgage was rightly held to be paramount to that of the plaintiff, and the judgment must be

AFFIRMED.