## HOSKINS v. CARTER ET AL.

1. **Mortgage**: CONSIDERATION FOR: MECHANIC'S LIEN: QUESTION OF PRIORITY. The mortgage in question was filed after the defendant was entitled to a mechanic's lien, but before any statement claiming a mechanic's lien was filed; and the statement claiming the lien was filed more than ninety days after the last of the materials was furnished. The mortgage was given for an antecedent indebtedness, but the time of the payment was extended. *Held* (1) that the extension of time was a good consideration for the mortgage. (*Sullivan Sav. Inst. v. Young*, 55 Iowa, 132.) (2) That in the absence of a showing on the part of the

Hoskins v. Carter et al.

defendant that the mortgagee had actual notice of defendant's right to a lien, (McClain's Code, p. 598, § 6,) the mortgage was superior to the mechanic's lien.

### *Appeal from Buena Vista District Court.*

WEDNESDAY, JULY 22.

ACTION to foreclose a mortgage on real estate; and it is stated in the petition that the defendant Weller has an interest in or lien on the mortgaged property which is junior and inferior to the mortgage. Weller answered the petition, and in substance pleaded that his interest in or lien on the premises was based on a mechanic's lien which was prior and superior to the lien of the mortgage. Upon this issue there was a trial, and the court found and decreed that the lien of the defendant was superior to that of the plaintiff, but a decree of foreclosure was entered against the makers of the mortgage. The plaintiff appeals.

*Lot Thomas*, for appellant.

*F. H. Helsell* and *Parker & Richardson*, for appellees.

SEEVERS, J.—The only question to be determined is, which party is entitled to the prior lien. The defendant Weller, under a contract with the mortgagor, furnished materials for the erection of certain buildings on the mortgaged premises. The contract was made in December, 1880, and the last of the materials was furnished on the twenty-first day of February, 1881. The statement claiming a mechanic's lien was filed in the clerk's office on the thirtieth day of December, 1881. The mortgage was executed on the first and filed for record on the second day of December, 1881. It will be observed that the mortgage was filed for record after the defendant was entitled to a mechanic's lien, but before any statement claiming a mechanic's lien was filed. It will be further observed that the statement claiming a mechanic's

lien was filed more than ninety days after the last of the materials was furnished. As the mortgage was first filed for record, it constitutes the superior lien, unless the plaintiff had actual notice of the mechanic's lien claimed by the defendant. We do not understand this proposition to be controverted by counsel for the appellee, but their contention is:

I. That the mortgage was given to secure an antecedent debt, and therefore the lien of the mortgage is inferior to the defendant's lien. But it satisfactorily appears that the time for the payment of such antecedent debt was extended, and the mortgage was given to secure the new indebtedness thus incurred. This constitutes a good consideration for the mortgage. *Sullivan Sav. Inst v. Young*, 55 Iowa, 132.

II. The statute provides that the statement for a mechanic's lien must be filed by the principal contractor within ninety days from the date on which the last of the material is furnished. "But a failure or omission to file the same within such period shall not defeat the lien, except against purchasers or incumbrances in good faith, without notice, whose rights accrued after ninety days, 　*　　*　　* and before any claim for the lien was filed." McClain's Code, 598, § 6. It is insisted by the plaintiff that the burden of proof to show such notice is on the defendant, and the latter insists that the burden is on the plaintiff. It has been held in a contest between the holder of a prior mortgage, but which is recorded after a subsequently executed mortgage, that the burden to show that the latter had notice of the prior mortgage is on the holder of the last-named mortgage. *Fort v. Burch*, 6 Barb., 60; *Marshall v. Dunham*, 66 Me., 539; *McCormick v. Leonard*, 38 Iowa, 272. See, also, *Nolan v. Grant*, 53 Iowa, 392. There is no difference in this respect between mortgages and mechanic's liens. Both stand on precisely the same footing, so far as either actual or constructive notice is concerned. We have examined the evidence, and find that the defendant has failed to show by a preponderance of the evidence that the plaintiff

had any notice or knowledge that the defendant was entitled to a mechanic's lien at the time the mortgage was executed and filed for record.

III.   We have assumed that the last of the materials was furnished on the twenty-first day of February, 1881.   The affidavit accompanying the statement claiming a lien states such date to have been on the twenty-first day of February, 1880.   This is evidently a mistake, because the contract under which the materials were furnished was not made until several months after the last-named date.   The burden was on the defendant to show either that the statement was filed within ninety days after the last of the materials was furnished, or that the plaintiff had notice of such lien at the time the mortgage was executed, and, as he has failed to do so, except as shown by such affidavit, the lien of the mortgage must be declared to be superior to the claimed lien of the defendant.

REVERSED.