## WALKER v. ABBEY *et al.*

1. **Vendor and Vendee:** DEFECTIVE CONVEYANCE: NOTICE: BAD FAITH. Where land is conveyed with an acknowledgment which is not good in this state, subsequent purchasers and mortgagees, claiming under a second deed from the same grantor who have actual notice of the prior conveyance, and who part with no value in acquiring their pretended title and interest, take nothing as against those claiming under the first deed.

2.  **Depositions:** NOTICE OF TAKING: SERVICE. A notice of the
taking of depositions was addressed to certain attorneys as attor-
neys for the adverse parties A. and W., and they were in fact the
attorneys for both A. and W., but they signed their names to an
acceptance of service of the notice as attorneys for W. *Held* that
the acceptance was good as against A., in the absence of any
objection or claim that they did not appear in the case for A.

*Appeal from Kossuth District Court.*—HON. GEORGE
H. CARR, Judge.

FILED, MAY 27, 1889.

ACTION in chancery to foreclose a mortgage executed
by defendant Abbey and wife. Goldthwaite and
Humphrey Anthoney intervene, claiming title to the
lands mortgaged superior to plaintiff's mortgage. A
decree was entered declaring plaintiff's claim fraudulent
and void, and that the title of the land is in the inter-
venors. The plaintiff and defendants appeal.

*Reed & Reed*, for appellant Walker.

*H. E. Long*, for appellant Abbey.

*Clark & Call*, for appellee.

BECK, J.—I. The plaintiff seeks in this action to
foreclose a mortgage upon a quarter section of land,
executed to him by Abbey and wife to secure a prom-
issory note for one hundred and twenty-five dollars
and the interest due thereon. Hawkins and Miller are
made defendants. The intervenors allege that they are
the absolute owners of the land by conveyances under
Walden, the patentee; that Hawkins procured a deed
to be made by Walden to Miller by falsely and fraudu-
lently representing to him that Miller was the holder of
the title under Walden, and it was necessary to have a
conveyance to perfect the title in him ; that Miller con-
veyed the land to Abbey, who executed the mortgage in
suit, and another mortgage to defendant Hawkins. It
is alleged that these conveyances were executed in

pursuance of a conspiracy of the plaintiff, Abbey, Miller and Hawkins to acquire a fraudulent title, and enforce it against the intervenors.

II. We find the facts to be as follows: The land was entered by Walden. He conveyed it to Latham and another, under whom the intervenors claim title. The deeds executed by Walden were not acknowledged in the form prescribed by the statutes of this state. Being executed in Massachusetts, they followed a form of acknowledgment in accord with the law of that state. Hawkins applied by letter to Walden, representing that "a party" whom he represented owned the land, and desired a quitclaim deed to cure a defect in the chain of title. Walden executed a deed, pursuant to this request, to Miller. Nothing was paid. Neither Miller, Hawkins nor any other person except the intervenors had any title to the land, or equity therein. These were facts known of course to Hawkins and Miller. Miller conveyed the land to Abbey, who executed a mortgage on it to Walker, as he alleges, to secure a prior debt for rent and money loaned. Abbey executed a mortgage on the land to Hawkins. The consideration paid by Abbey to Miller was certain stock in a coal-mining corporation, which is clearly shown not to have been of the value of one cent, and this was so known to the parties at the time. The alleged debt for which Abbey executed the mortgage to Hawkins is stated by Abbey in the following language: "I turned over a note of five hundred dollars on the payment of the horse I purchased of Mr. Hawkins, and he had trouble and a suit in collecting the note. I gave him this mortgage to indemnify him on that note." That Hawkins and Miller had full notice of the fact that Walden had conveyed the land, and that the title under him was claimed and held by the intervenor, there can be no doubt. And we think the facts lead to the conclusion that Abbey and Walker are chargeable with knowledge of the same facts. Abbey paid nothing for the land. This fact alone defeats his claim that he is a good-faith purchaser. The mortgage

**1. VENDOR and vendee: defective conveyance: notice: bad faith.**

to Walker is to secure a prior debt. He cannot therefore be protected as a purchaser in good faith. *Flannigan v. Althouse*, 56 Iowa, 513 ; *Phelps v. Fockler*, 61 Iowa, 340. The evidence irresistibly leads us to the conclusion that Hawkins, Miller, Abbey and Walker were all fully advised of the conveyance by Walden and the claim of the intervenors under it ; that they acted in concert upon this knowledge, to acquire title to the property.

III. We need not consider certain objections to evidence tending to show that the acknowledgments of the deeds made by Walden were in accord with the law of Massachusetts, as we find from the evidence that all the parties had actual notice of the conveyance under which the intervenors claim the land.

IV. Certain depositions were taken on the behalf of the intervenors, and against the objections of the other parties were permitted to be read in evidence. The objections are based upon the alleged fact that no notice of the taking thereof was served upon Abbey. Code, section 3732, provides that a notice for taking depositions, or for issuing a commission to take depositions, may be served upon the attorney of record of the adverse party. In the case before us the notice was served upon an attorney who the record shows was at the time the attorney of Abbey. The service is shown by the written acceptance of the attorney who appeared for Abbey as well as for Walker. It is true, the attorneys affix to their signature to the acceptance of the notice words indicating that they are attorneys for Walker, but the notice is addressed to them as attorneys for both Walker and Abbey. They were in fact Abbey's attorneys, and in accepting the notice addressed to them as such they would be presumed to do so in that capacity, in the absence of any objection or disclaimer that they did not appear in the case for Abbey.

2. DEPOSITIONS : notice of taking : service.

V. We need not inquire whether under the curative act of the twentieth general assembly, legalizing conveyances (chapter 203), the registry of the deeds

executed by Walden to the grantee, under whom the intervenors claim, imparted notice to any of the defendants, for the reason that we have reached the conclusion that the evidence shows that all are chargeable with actual notice of the conveyance.

The foregoing discussion disposes of all questions in the case. We are of the opinion that the decree of the district court ought to be                       AFFIRMED.