CAMBRIA SAVINGS BANK, Appellant, v. ORLEY LA NIER ET AL., Appellees.

Mortgages: PRIORITY OF LIENS: CONSIDERATION: EVIDENCE. Unless a mortgage given to secure a pre-existing debt is supported by some new consideration, as an agreement to extend the

time of payment, it will not be given precedence over a prior unrecorded mortgage. In the instant case the evidence is held to sustain a finding of want of consideration.

**Same.** A mortgagee who has actual notice of a prior unrecorded
2  mortgage cannot claim a superior lien on the property under his mortgage of a later date. Evidence held to show notice.

*Appeal from Wayne District Court.—* Hon. H. M. Towner, Judge.

WEDNESDAY, JULY 3, 1907.

ACTION in equity to recover judgment on three promissory notes, and to foreclose a real estate mortgage given to secure the same. There was a cross-petition by two of the defendants, and the decree gave to such defendants the relief prayed by them. The plaintiff appeals. —*Affirmed.*

*Freeland & Carter,* for appellant.

*J. S. Campbell* and *R. C. Posten,* for appellees.

BISHOP, J.— At the time in question, defendant Orley La Nier and his two sisters, Ida L. Campbell and Josephine Parker, were the joint owners of a tract of seventy-five acres of land situated in Wayne county. In January, 1902, said La Nier procured a loan from the Central Life Assurance Society in the sum of $800, and to secure the same his said sisters not only signed the note given, but joined with him in the execution of a mortgage on said tract of land as a whole. Said mortgage was at once made a matter of record. At the same time, to protect and secure his sisters against liability, La Nier executed to them his note for $800, and as security therefor executed and delivered to them a mortgage on his one-third interest in said land. This mortgage was not made a matter of record until on August 9, 1904. On August 4, 1904, said La Nier being indebted to the plaintiff bank on a past due obligation, as security therefor executed

and delivered a mortgage on his one-third interest in said lands, and this was at once made of record. The mortgage so executed to plaintiff included this provision: " Subject to a first mortgage of $800 and interest." This action was brought by plaintiff to foreclose the mortgage so given to it, and Mrs. Campbell and Mrs. Parker were made defendants; the allegation against them being that they claimed some interest — declared to be junior and inferior — in the premises. La Nier made default, and as against him there was judgment and decree as prayed by plaintiff. The defendants Campbell and Parker appeared, and in a cross-petition pleaded the facts of the note and mortgage executed to the assurance society, and the note and mortgage executed by La Nier to them.. This was followed by an allegation that the indebtedness to the society had never been paid; and, further, that La Nier was now insolvent. As against plaintiff, it was alleged that not only was the mortgage held by them the one referred to in plaintiff's mortgage, but that plaintiff had actual knowledge of the existence of such mortgage at the time of taking the mortgage to itself. They also alleged that plaintiff's mortgage was given to secure past-due obligations, and was not supported by any new consideration. The prayer on their part was for judgment against La Nier on the note held by them, and for the establishment of their mortgage as a prior lien, and for foreclosure. In a reply, plaintiff pleaded that its mortgage was given in consideration of an oral agreement for an extension of time for payment until January 1, 1905; and actual knowledge of the existence of the mortgage given to cross-petitioners was denied. The decree entered gave judgment in favor of the cross-petitioners against La Nier upon the note sued upon; found that, as between the mortgages held by plaintiff and cross-petitioners, the lien of the latter was prior and superior to the extent of any sum paid or required to be paid by them in the future to satisfy the debt to the assurance society.

Counsel for plaintiff in argument, as well as in pleading, concede, in effect, that unless the mortgage given to it was based on some new consideration, it cannot be given precedence over the mortgage to defendants. And this accords with the settled rule in this State. *Phelps v. Fockler,* 61 Iowa, 340; *Walker v. Abbey,* 77 Iowa, 702; *Smith v. Moore,* 112 Iowa, 60.

As already indicated, the contention of plaintiff is that a new or additional consideration was furnished by an agreement to extend the time of payment. That such an agreement, if fairly entered into, will be sufficient as a new consideration, and will entitle the mortgage based thereon to be regarded as superior to a prior unrecorded mortgage, may be conceded. *Hoskins v. Carter,* 66 Iowa, 638; *Sullivan v. Young,* 55 Iowa, 132.

Going now to the record for the facts, we find the evidence on the subject confined to the testimony of two witnesses — the defendant La Nier and one McCulloch, an employé of the plaintiff bank, and who acted for it in taking the mortgage. McCulloch testified that there was an agreement to extend time to January 1st, and this is denied by La Nier. The testimony of the latter is somewhat corroborated by the fact that the note held by the bank bore the name of a surety. Under a familiar rule, the effect of an extension of time would have been to release such surety; and McCulloch, on being asked why he did not take a new note for the amount due, answered " that there was another name on the note as surety, and I did not wish to release what other security we had." In this state of the record, a finding against the contention of plaintiff was warranted, and, especially, as the trial court was in better position to judge of the credibility of the witnesses, we should not assume to reverse the finding.

So, too, we think the court was warranted in its finding against plaintiff on the issue of notice. The wife of defendant La Nier was present at the time of the execution of

the mortgage to plaintiff, and she testified that McCulloch was told of the mortgage given by her husband to his sisters. McCulloch denied this, and said that he was advised only of the mortgage to the assurance society. While, perhaps, of slight importance, in view of the existence of the mortgage on the whole tract, there was also the fact that written in plaintiff's mortgage, conveying but one-third of the tract, was the statement that it was subject to a prior mortgage of $800. Here, also, the court might have found either way, and we should not disturb the finding.

On the whole, we conclude that the decree was right, and it is *affirmed.*