## Roderick Fraser v. Absalom Backus, Jr.

*Assumpsit—On promise of debtor to pay balance due on judgment, in consideration of stay of execution, by agreement with plaintiff—A former execution having been returned by mistake as satisfied—And the return having been set aside on motion, and an amended one ordered but not in fact made—Both parties believing that payment could be enforced by execution—And acting on that assumption with equal means of knowledge—Such forbearance was a sufficient consideration for the promise—Plaintiff could not be deprived of his debt by misconduct or omission of officer.*

Plaintiff recovered a judgment against defendant and another, on which an *alias* execution was issued, and by *mistake* returned *satisfied*; which return was set aside on motion, and the proper amendment ordered, but not in *fact* made by the sheriff.

Immediately after this, defendant paid two hundred dollars on the judgment, and, in consideration of the plaintiff's agreement to forbear the issuance of an execution for two weeks, agreed to pay the balance at the expiration of that time, which he failed to do.

*Held*, in a suit on such agreement to recover such balance, that plaintiff could not be deprived of his debt by the *misconduct* or *omission* of the sheriff; that defendant's promise was to pay a *just* debt, which both parties thought, and probably correctly, could be enforced by execution, and acted on *that* assumption with *equal* means of knowledge; and that there was a sufficient consideration for said promise, which, if valid, could not be avoided by the subsequent action or inaction of anybody.

Error to superior court of Detroit. (Chipman, J.) Argued July 13, 1886. Decided July 21, 1886.

Assumpsit. Plaintiff brings error. Reversed. The facts are stated in the head-note.

*Addison G. McKean* (*John D. Conely* and *T. D. Hawley*, of counsel), for appellant.

*Mr. Conely's* brief :

The court may authorize a return to be amended even though the sheriff has gone out of office : Crocker on Sher-

iffs (2d ed.), § 43 ; Herman on Executions, § 248 ; and it may be done on the application of either party, and after the lapse of several years, every court being bound to protect parties from the negligence, mistakes, and errors of its officers : Herman on Executions, § 248, and cases cited.

The compromise and settlement of an asserted. claim involved in legal controversy, be it ever so doubtful, constitute a sufficient consideration for a promise made or obligation given in consummation thereof: *Van Dyke v. Davis*, 2 Mich. 145.

Such settlement must stand in the absence of fraud or undue advantage practiced or taken to bring it about : *Gates v. Shutts*, 7 Mich. 126.

A compromise constitutes a waiver of the original transaction : Id.

The reasonableness of the compromise or merits of the disputed claim will not be inquired into : *Hull v. Swarthout*, 29 Mich. 250.

Other cases in our favor are *Sanford v. Huxford*, 32 Mich. 313 ; *Tenney v. Hand*, Id. 63.

Courts cannot set aside compromises unless on satisfactory proof of mistake, fraud, or unconscionable advantage : *Prichard v. Sharp*, 51 Mich. 432.

*Mr. Hawley's* brief :

As to power of court to compel sheriff to amend his return, see *Green v. Glassbrook*, 2 Bingham (N. C.), 143; *Gansevoort v. Gilliland*, 1 Cowen, 218 ; *Smith v. Hudson*, Id. 430 ; *Adams v. Smith*, 5 Id. 280.

As to omission of sheriff to in *fact* amend return, see *Vastine v. Fury*, 2 Serg. & Rawle (Penn.), 432.

The subsequent order staying proceedings could not void the previous settlement : *Lyon v. Richmond*, 2 Johns. Ch. 57 ; *Union Bank v. Geary*, 5 Peters, 99 ; *Sheldon v. Estate of Rice*, 30 Mich. 300.

As to defendant's *moral* obligation to pay the debt, and that this is a sufficient consideration for his promise, see *Edwards v. Nelson*, 51 Mich. 124.

*Dickinson, Thurber & Hosmer*, for defendant :

To forbear to do a thing which certainly cannot be legally done is no consideration : 1 Parsons on Contracts (6th ed.), 441, and cases cited.

This is not a case of " delay of the court," where relief, on

motion, might be granted. Where the fault and delay are of the parties, there can be no relief in this form of proceeding: Freeman on Judgments, §§ 57, 60.

Plaintiff's remedy is against the sheriff for a false return, and the court has no power to compel the sheriff to amend his return: Freeman on Executions, § 358, and cases cited; Herman on Executions, 400, and cases cited.

CAMPBELL, C. J. Plaintiff sued defendant on an agreement whereby he promised to pay the balance due on a judgment, in consideration of an extension of time.

Judgment was rendered against defendant and one A. S. Backus, in 1874, and judgment obtained for $1,184.04, and $24.25 costs. On this an execution was issued, and returned unsatisfied. A second execution was issued, and returned April 12, 1877. This was returned satisfied.

In May, 1881, a motion was made to set aside this return as erroneous in fact, because the judgment had not been fully paid. An order was made on this motion setting it aside, and directing its amendment according to the fact. Immediately after this order plaintiff's attorney communicated with defendant's attorneys, and, at their request, met defendant, and it was agreed that if they would wait two weeks, until his son arrived, he would pay $200 down, and the balance at that time. He paid the $200, but did not pay the remainder. The sheriff did not, in fact, amend the return.

The court, upon the trial of this cause, ordered a verdict for defendant. We think he should have ordered one for plaintiff. He could not be deprived of his debt by the misconduct or omission of the sheriff, and when this promise was made by defendant it was a promise to pay a just debt, which both parties thought, and probably correctly, could be enforced by execution. At any rate, both acted on that assumption with equal means of knowledge, and there was a sufficient consideration for the promise. The contract, if valid, could not be avoided by the subsequent action or inaction of anybody.

The judgment must be reversed, with costs of both courts.

As the record stands, we must go through the form of ordering a new trial.

The other Justices concurred.