THOMAS MATHEWS v. S. R. SEAVER.

[FILED MAY 18, 1892.]

Consideration: FORBEARANCE TO SUE. Where one who stands in relation to an insolvent debtor as surety or creditor, and has in his hands certain property of the debtor, which he desires to retain or have applied on his claim or obligation, a promise made by him to another creditor, that if he will not institute legal proceedings against the common debtor he will pay the debt, if accepted, will constitute a valid contract and a recovery may be had thereon.

ERROR to the district court for Johnson county. Tried below before APPELGET J.

*B. F. Perkins,* and *L. C. Chapman,* for plaintiff in error:

To constitute a legal contract to forbear, there must be a valid promise to do so, so that for some time the holder of the debt has no right to maintain an action thereon. (*Mecorney v. Stanley,* 8 Cush. [Mass.], 85; *Robinson v. Gould,* 11 Id., 55; *Manter v. Churchill,* 127 Mass., 31; *Berry v. Pullen,* 69 Me., 101; *Turner v. Williams,* 73 Id., 466; *Lambert v. Clewley,* 15 Atl. Rep. [Me.], 61; *Smith v. Bibber,* 82 Me., 34.) As to the instructions: *Uhl v. Robinson,* 8 Neb., 272; *Sandwich Mfg. Co. v. Shiley,* 15 Id., 111; *Milton v. State,* 6 Id., 144; *Ballard v. State,* 19 Id., 609; *Mathewson v. Burr,* 6 Id., 320; *Severance v. Melick,* 15 Id., 614; *Housel v. Thrall,* 18 Id., 488; *Garret v. Gonter,* 42 Pa. St., 143; *Waldow v. Simonson,* 18 Mich., 345; *Stewart v. Jerome,* 71 Id., 201; *Vaughn v. Smith,* 22 N. W. Rep. [Ia.], 684. This defendant, without the consent of Albert Mathews, would not be allowed to sell or give up his property in satisfaction of his debt to Seaver. (*Birchell v. Neaster,* 36 O. St., 331; *Blymer v. Boistle,* 6 Watts [Pa.], 182.) Defendant is in no sense the agent of Seaver and hence it cannot be urged that the receiving of said property constituted an agreement to pay said debt. (*Biglow v. Davis,* 16 Barb. [N. Y.], 561; *Warren v. Bachelder,* 15 N. H., 129.) To entitle a third person to recover there must be an extinguishment of the original debt between Albert Mathews and S. R. Seaver. (*McLaren v. Hutchinson,* 18 Cal., 82; *Butterfield v. Hartshorn,* 7 N. H., 345; *Shoemaker v. King,* 40 Pa. St., 107; *Barker v. Bucklin,* 2 Denio [N. Y.], 57; 3 Parsons, Contracts, 24; 8 Am. & Eng. Ency. Law, 682; *Byrkmyre v. Darnell,* 1 Smith's Lead. Cas. [6th Ed.], 458.)

*D. F. Osgood, contra.*

MAXWELL, CH. J.

This action was brought by the defendant in error against the plaintiff, the cause of action being stated as follows:

"That on the 1st day of October, 1887, Albert Mathews was indebted to the plaintiff in the sum of $59.80. The said Albert Mathews was also owing the defendant a large amount, the defendant having signed notes as security for said Albert Mathews. The defendant, to protect himself as security, obtained the possession of the property left by the said Albert Mathews when he absconded as herein stated; that on the — day of ——, 1887, plaintiff was on the road to obtain security for his claim when he met the defendant, who told him, the plaintiff, that all the personal property of Albert Mathews had been turned over to defendant and he then and there agreed to pay plaintiff the sum of $59.80 owing to the said plaintiff by Albert Mathews, if plaintiff would do nothing to collect his claim to interfere with the defendant's possession, the consideration for the agreement to pay the debt as above set forth being the personal property received by the defendant as above stated, and plaintiff desisting from further attempt at collecting, and plaintiff accepted the promise of defendant to pay them, desisted from any further attempt at collection at defendant's request. The plaintiff consented. There is now due and owing the plaintiff, by reason of the promises above set forth, the sum of $59.80, together with the interest thereon, amounting in all to $70.20."

The answer is a general denial.

On the trial of the cause the jury returned a verdict in favor of the defendant in error for the full amount claimed, and judgment was rendered thereon.

The principal objection in this court is the refusal to give certain instructions asked. It is evident that the judgment is right.

The testimony of the plaintiff in error is that he agreed to pay the defendant in error if there was sufficient property in his hands to do so. He admits, however, in substance, that he did not say to him "if" there was sufficient

property, or use such language.  He also admits that two
mules purchased by Albert Mathews, and for which he
was surety, were returned by him to the person from
whom they were purchased, and he was thus relieved
from liability.   He says that he did not obtain any of the
property; and his liability does not grow out of his obtain-
ing the property, but upon the promise that if a creditor
would refrain from legal proceedings he would pay the
debt.   Such an agreement, when acted upon, is valid and
binding.  (*Rogers v. Empkie Hardware Co.*, 24 Neb., 653.)
But for the agreement, the debtor's property would have
been subject to attachment or execution at the suit of the
defendant in error.   This right was waived and it is suf-
ficient consideration for the promise.   The judgment is
right and is

AFFIRMED.

THE other judges concur.