PETER NILLES, Appellee, v. MICHAEL WELSH, Appellant.

| 89 | 491 |
|----|-----|
| 139 | 350 |

1. **Contract to Convey Real Estate**: CONSIDERATION. The plaintiff and the defendant had agreed to purchase between them a quarter section of land, the plaintiff to take the north eighty acres, and the defendant the south eighty, at prices agreed upon. The owner of the land refusing to make separate deeds, it was orally agreed that the defendant should take the deed, make the first payment with money furnished by both parties in proportion to their respective shares, execute a mortgage for the balance, and convey the north eighty to the plaintiff, who was to pay the balance of the purchase money therefor to the defendant. *Held*, that the contract was not without consideration, nor lacking in mutuality.

2. ———: STATUTE OF FRAUDS. The defendant having received the portion of the purchase money to be paid by the plaintiff under said agreement, and used the same for the purchase of the property, *held*, that the contract was not within the statute of frauds.

3. ———: CONDITIONS: WAIVER: SPECIFIC PERFORMANCE. The sum paid by the plaintiff was ten dollars short of the amount agreed to be paid by him, but was received by the defendant without objection, upon the promise of the plaintiff to pay him the balance. *Held*, that the payment of the full amount at the time was waived.

*Appeal from Hamilton District Court.*—HON. S. M. WEAVER, Judge.

TUESDAY, OCTOBER 17, 1893.

ACTION to enforce specific performance of an agreement for the conveyance of land. There was a decree for the plaintiff, and the defendant appeals.—*Affirmed.*

*D. C. Chase*, for appellant.

*Hyatt & Hyatt*, for appellee.

GRANGER, J.—There is a controversy as to the facts of this case, and the evidence is very much in conflict. The following are the material facts as found by the district court: "That prior to the second day of October, 1891, said plaintiff had negotiated with the agent of Joseph R. Sharp for the purchase, at and for the sum of nineteen dollars per acre, of the southwest quarter of section number 15, in township number 89 north, of range 26 west of the fifth prime meridian, Iowa. That thereupon it was agreed between plaintiff and defendant that defendant should become the purchaser of the south eighty acres of said land from said Sharp, and plaintiff of the north eighty acres of said land; the defendant to pay for said south eighty acres at the rate of twenty dollars per acre, and the plaintiff to pay for the north eighty acres thereof at the rate of eighteen dollars per acre; each to pay his respective share of the money to be paid in advance, and of each of the deferred payments, to wit, a total of one thousand and twenty-one dollars cash in advance, and two thousand dollars in deferred payments, to be paid in five annual payments of four hundred dollars each, with interest thereon, payable annually, at seven per cent. That the plaintiff paid of the advanced payment the sum of four hundred and ninety dollars, and the defendant the sum of five hundred and twenty-one dollars. That the said Sharp refused to make separate deeds for the said land, whereupon it was agreed that the defendant should take a deed from said Sharp for all of said land, and give a mortgage thereon to secure all of the deferred payments, and upon the receipt of such deeds to convey the north eighty acres thereof to the plaintiff. That defendant received a deed of all

said land, and thereafter refused to convey the same to the plaintiff.'' As a conclusion of law the district court found that the defendant held the title to the eighty acres in trust for the plaintiff, and decreed a conveyance thereof as prayed. We will not discuss the evidence. The facts found by the district court are right.

I. It is urged that the contract as claimed by the appellant is without consideration, and lacking in mutuality. Surely, the payment of the four hundred and ninety dollars, and the agreement to pay the remainder of the purchase price, are a sufficient consideration for the promise by the defendant to convey. As we find the facts, it was not the defendant's intention, when the deed was made to him, to have the entire tract, nor does it appear that he wanted more than the south eighty acres; and the agreement between the defendant and Sharp, or his agent, was consummated upon an understanding between the plaintiff and defendant that each was to have one half of the land, but it could not be so obtained; that is, Sharp would not make separate deeds, because of which the defendant took the title to all the land, agreeing to convey one half to the plaintiff. There is no lack of mutuality in such a contract. It is such a contract that when entered into could be enforced ''by either of the parties against the other of them.''

1. CONTRACT to convey real estate: consideration.

II. It is urged that the case comes within the statute of frauds, but the claim is based on the appellant's theory as to the facts that no part of the purchase price was paid. The facts as we find them are that there was a payment of four hundred and ninety dollars, which fact takes the case out of the statute. Code, section 3665.

2. ——: statute of frauds.

III. We may notice in this connection a claim that before specific performance is decreed there must be a

3. ——: conditions: waiver: specific performance.

full compliance with all the terms of the contract. By the terms of the contract the plaintiff was to pay five hundred dollars down, and the payment was really four hundred and ninety dollars, the money being obtained by loan from the bank, and the ten dollars was deducted for the interest. When the payment was made the plaintiff told the defendant that he would pay him the balance, and the four hundred and ninety dollars was accepted without objection. There was clearly a waiver of the payment at the time of the ten dollars, which the parties had the right to do.

IV. It is claimed that the contract is not sufficiently definite to justify a decree for specific performance. We do not see why. The contract, as alleged and established, is that the defendant should take the title to all instead of one half the land, and convey a specific part to the plaintiff for a specified consideration. It is true that as to some, not very important, particulars there is indefiniteness, but these particulars do not go to the merits of the case, and in no way interfere with a decree such as the court ordered. No authority cited denies specific performance in such a case. To our minds, the judgment meets the demands of justice, and it is AFFIRMED.