HANS LAHN, Appellant, v. H. H. KOEP.

Negotiable instruments: EXTENSION OF PAYMENT: CONSIDERATION. Reciprocal promises of mutual advantage to both parties are generally held a good consideration, one for the other; so that an oral promise to extend the time of payment of a promissory note for a specified time, in consideration that the borrower will keep the money and pay the interest for the agreed time, is binding.

*Appeal from Benton District Court.*— HON. J. M. PARKER, Judge.

THURSDAY, APRIL 9, 1908.

REHEARING DENIED TUESDAY, SEPTEMBER 29, 1908.

SUIT on a promissory note.  Trial to a jury, and verdict and judgment for the defendant.  The plaintiff appeals. — *Affirmed.*

*W. C. Scrimgeour* and *Tom H. Milner,* for appellant.

*C. W. E. Snyder* and *C. Nichols,* for appellee.

SHERWIN, J.— The only question involved in this case is whether there was a valid extension of the time of payment of the note in suit.  By its terms it was due when suit was brought; but the defendant answered, pleading an extension for one year from date of its maturity.  There was evidence which justified the jury in finding that the parties entered into a mutual oral agreement whereby the defendant bound himself to keep the money and pay interest thereon for a specified time beyond the written date of its maturity, and that in consideration of such promise the plaintiff extended the time of payment for the period agreed upon.  We have

a case, then, where mutual promises were made which were of advantage to both parties. The defendant's agreement to keep the money another year and pay interest thereon for such specific time was an advantage to the plaintiff, and the plaintiff's agreement to so extend the time of its payment was an advantage to the defendant. Reciprocal promises are generally held to be consideration for one another, and to constitute a binding contract. 9 Cyc. 323, and cases cited; *Nilles v. Welsh,* 89 Iowa, 491.

An oral contract to extend the time of payment of a promissory note, when based on a consideration, is everywhere held binding. A promise which imposes a legal liability, and which is definite and certain, is a sufficient consideration for another like promise; and when there is a promise to keep money for a specified time, and to pay interest upon the same for the time it is kept, there is no reason, in our judgment, why such promise should not be held binding. When the note became due, the defendant had the absolute right to pay, and thus relieve himself from the payment of farther interest. If, without any farther agreement, he neglected to pay it when due, he still had the right to pay it at any subsequent time. But, when he contracted to keep it for a definite time longer, he could not compel the lender to receive his money a day sooner than he had agreed to do, and he was bound to pay the stipulated interest for the period of the extension. The weight of authority supports this rule, and it seems to be the only logical result of the principles to which we have already referred. 7 Cyc. 900–902, inclusive, and cases cited; *English v. Landon,* 181 Ill. 614 (54 N. E. 911); *Crossman v. Wohlleben,* 90 Ill. 537; *Simpson v. Evans,* 44 Minn. 419 (46 N. W. 908). And see, also, *Sullivan Sav. Inst. v. Young,* 55 Iowa, 132; *Hoskins v. Carter,* 66 Iowa, 638.

The appellant insists that our own cases decide the question adversely to the view above expressed, and it is therefore necessary to notice the cases upon which he relies.

In *Hunt v. Postlewait,* 28 Iowa, 427, there was no agreement to extend the time of payment for a definite period, or to pay interest for any particular time; and the same was true in *Byers v. Harris,* 67 Iowa, 685. In *Marshall Field Co. v. Oren Ruffcorn Co.,* 117 Iowa, 157, there was no promise to pay interest on the notes for a specified period beyond maturity, and the language of the opinion recognizes the rule which we here announce. In *Hensler v. Watts,* 113 Iowa, 741, the question was expressly excluded. We know of no case decided by this court which is in conflict with our present conclusion.

The judgment of the district court is *affirmed.*