## ADAMS v. FERGUSON.

No. 3668.  Opinion Filed January 9, 1915.

1.  **BILLS AND NOTES—Extension—Consideration.**  An extension of the time of payment of a note for a definite period, by an agreement between the holder and the principal therein, without the consent of a surety, where the only consideration for the extension is the agreement of the principal to pay the same rate of interest as that named in the note for the period of the extension will have the effect of discharging the surety from his obligation to pay the note.

2.  **SAME — Interest — Extension — Sufficient Consideration.**  An agreement to pay interest for the time of the extension is a sufficient consideration to support the contract of extension.  (Syllabus by Brewer, C.)

*Error from District Court, Greer County;*
*G. A. Brown, Judge.*

Action by J. J. Adams against T. A. Lawrence and H. M. Ferguson.  Judgment for defendant H. M. Ferguson, and plaintiff brings error.  Affirmed.

*A. R. Garrett,* for plaintiff in error.

*Tisinger, Clay & Robinson,* for defendant in error.

Opinion by BREWER, C.  The plaintiff in error, Adams, brought this suit as plaintiff in the court below against the defendants in error, as defendants, to recover the amount named in a promissory note.  The defendant T. A. Lawrence made no defense; the defendant Ferguson filed an answer in which he admitted that he signed the note, but alleged that he signed the same merely as surety for Lawrence, having received no part of the proceeds, and that this fact was known to the plaintiff, the holder thereof; and that when the note became due, the plaintiff through an agreement with Lawrence, the principal in the note, for a sufficient consideration, and without the knowledge or consent of Ferguson, extended the time of payment of the note for a definite period; and that he was, therefore, released and discharged from liability thereon.  There is no con-

troversy here over the proposition that the extension of a promissory note, by an agreement made between the holder and the principal, for a sufficient consideration, and for a definite and fixed period of time, and without the consent of the surety thereon, will have the effect in law of discharging the surety. Indeed, while this is the general rule of the common law, it is also embodied in a statute of this state. Section 4170, Rev. Laws 1910, says:

"A person secondarily liable on the instrument is discharged; * * * Sixth: By any agreement binding upon the holder to extend the time of payment or to postpone the holder's right to enforce the instrument unless the right of recourse against such party is expressly reserved."

The notes in suit in this case were executed prior to the passage of the statute quoted above, but this is utterly immaterial, for the reason that the statute merely enacts a rule very generally, if not universally, in force in both this country and England. Brandt on Surety and Guaranty, vol. 1 (3rd Ed.), sec. 376; Daniels on Negotiable Instruments, vol. 2 (5th Ed.), sec. 1312; Pingrey on Suretyship and Guaranty, sec. 46; Childs on Suretyship and Guaranty, sec. 103; 32 Cyc. 204 *et seq.*; 27 A. & E. Ency. 499.

The elements necessary to unite in order to constitute an extension which will discharge the surety, have been set out by Mr. Daniels, in his work on Negotiable Instruments, vol. 2 (5th Ed.) sec. 1315, as being:

"First. A valid consideration; second. An agreement; third. The extension must be for a definite time; fourth. It must be without the consent of the surety; fifth. It must be without reservation of remedy against the surety; and sixth. The agreement must be with the principal in the obligation."

As we have said, there is no controversy here as to the general rule, but it is claimed by the plaintiff that one of the elements necessary to make a valid extension is lacking in this case. The precise point being made that the extension of time agreed upon between the holder and the principal in the note had

no consideration to support it; so the question for our decision is reduced to this: Is an agreement by the principal debtor to pay during the period of an extension the same rate of interest named in the obligation, a sufficient consideration to support an extension of the time of payment? And on this precise question there is a sharp conflict of opinion. Mr. Daniels in his work on Negotiable Instruments (5th Ed.), sec. 1317-A clearly indicates the view that it would not be sufficient. He says:

"Whether an agreement to pay the same rate of interest will support the stipulation to forbear is a question on which authorities differ. Some consider that it will; others that it will not; which latter is, as we think, the better opinion, for it is merely a promise to do what the party is already bound to do." (The editor of the note in 52 L. R. A. [N. S.] at page 350 is authority for the statement that the phrase *"as we think the better opinion."* has been left out of the 6th Edition of the above work.)

To sustain the statements of the text the author cites a line of opinions supporting each side of the contention which any one interested in a critical review of the subject may examine for themselves.

The author of Brandt on Suretyship and Guaranty argues the converse of this proposition, and seems to flatly disagree with the position taken by Mr. Daniels. In vol. 1 (3rd Ed.) sec. 388, that author not only states his view, but gives the reasoning upon which he proceeds in the following language:

"If, after a debt bearing interest becomes due, the creditor agrees to extend the time of payment for a definite period, and the principal agrees to pay the same rate of interest the debt would otherwise bear for that time, it seems that the better opinion is that the surety is thereby discharged. The reasoning upon which this rule is founded has been thus well expressed; 'It is a valuable right to have money placed at interest, and it is a valuable right to have the privilege at any time of getting rid of the payment of interest by discharging the principal. By this contract the right to interest is secured for a given period, and the right to pay off the principal and get rid of paying the interest is also relinquished for such period. Here then are all the elements of a binding contract.' Notwithstanding this reasoning seems invincible, the contrary has been repeatedly held, the

ground upon which these decisions is founded being that the promise of the principal to pay interest for the extended period creates no additional obligation upon him, as he would have been obliged to pay the interest without any new agreement if the time had been given. This, however, ignores the fact that if there is no new agreement the debtor may at any time pay the debt and stop the interest."

Mr. Pingrey, in his small volume on Suretyship and Guaranty, is in harmony with the last named authority, and therefore opposed to the views of Mr. Daniels. At section 46 of his treatise Mr. Pingrey says:

"Where the interest is paid in advance, or any part of it, this is a sufficient consideration for the forbearance. But another question arises whether a bare promise to pay interest during a fixed period of extension stipulated for is a sufficient consideration. The weight of authority is that such an agreement is a valuable consideration. It is a valuable right on the part of the creditor to have his money placed out at interest, and it is a valuable right on the part of the debtor to have the privilege at any time of getting rid of the payment of interest by discharging the debt. By this contract of extension the right to interest is secured for a given period and the right to pay off the debt and get rid of paying interest is also relinquished for such period. The creditor relinquishes his right to demand immediate payment and converts the debt into an immatured, interest-bearing security, and the debtor relinquishes his right to make immediate payment and binds himself to pay interest for the time specified, in consideration of such extension on the part of the creditor."

The author of Childs on Suretyship and Guaranty discusses this question at page 179 of his work, noting the fact that upon this exact point the authorities differ, but satisfies himself by merely calling attention to the dividing line without any expression of opinion as to wherein the weight of authority or of reason lies.

The conflict in the authorities on the point under discussion is noted in 32 Cyc. at page 209 and numerous cases supporting each view are cited in notes 8, 9, 10, and 11. These notes are extended in volume 40, Century Dig. tit. Principal and Surety,

sec. 215. We shall not set out the cases on either hand, but will say that we have examined many of them, and have come to the conclusion that upon the question the authorities are about evenly balanced; but that the better reasoning supports the view that an extension of a note to a definite period, by agreement between the holder and principal, without the consent of the surety, by which the principal agrees to pay for the extended period the same rate of interest named in the original undertaking, has the effect of releasing the surety from any obligation to pay the note. We think, with Mr. Brandt and Mr. Pingrey, that the right to have interest for a definite period beyond the time of the original contract is a valuable right to the creditor. We think that the right to pay off the principal, and thus relieve himself of the payment of further interest, is a valuable right to the man who owes money. We cannot assent to the doctrine that the agreement of the debtor to continue paying interest for six months or a year longer than required by his original obligation binds him to do nothing more than what was required of him in his original undertaking. A case can be easily conceived of where the debtor would stand in great need of a short extension, and to obtain it would bind himself to pay interest for a much longer time than he needed, and yet the exigencies of the case might require that he do so.

There is nothing in the point really decided in the case of *Maker v. Taft,* 41 Okla. 663, 139 Pac. 970, 52 L. R. A. (N. S.) 328, which conflicts with the views at which we have arrived. In that case a payment had been made on the note after its maturity of a sum less than the interest then due on it, and it was held that this was not a consideration sufficient to support a claimed extension of time, but this is a very different proposition. Practically all of the authorities hold that the mere payment of interest already due, or a part payment of principal already due, will not be a consideration sufficient to support an extension of time; but a payment of a part of the principal before it is due will be. So may the payment of interest in ad-

vance, to cover the period of an extension, be sufficient consideration for it. In fact, on these various phases of the subject there is but slight conflict in the authorities.

In a voluminous topical note to *Lahn v. Koep,* 139 Iowa, 349, 115 N. W. 877, and *Maker v. Taft, supra,* 52 L. R. A. (N. S.), commencing at page 331, the editor collects many authorities and expresses the same view taken here on the exact point which was the only point discussed in *Lahn v. Koep, supra.*

The trial judge in this case discharged the surety, and to do this he necessarily held in line with the views herein expressed. We think it was a correct holding, and that the exceptions brought here should be overruled and the case affirmed.

By the Court: It is so ordered.