**KREMKE v. RADAMAKER et al.**

No. 6086—Opinion Filed June 20, 1916.

Rehearing Denied August 8, 1916.

(159 Pac. 475.)

**1. Principal and Surety—Discharge of Surety—Extension of Time.**

An extension of the time of payment of a note for a definite period by an agreement between the holder and the principal therein, without the consent of the surety supported by a valid consideration, will have the effect of discharging the surety from his obligation to pay the note.

**2. Same.**

Where by the stipulation in the note the time of payment may be extended without notice the provisions therein with reference to the extension are met and satisfied by one extension, and if more than one extension be given for a valid consideration and without the consent of the surety, the surety is thereby discharged from liability.

**3. Same—Waiver.**

If, after extensions have been granted by the payee under a contract with the principal for a valuable consideration, and for a definite time without the consent of the surety, the surety accepts security to protect himself against liability by reason of his suretyship upon said note, he waives the extensions of time, and when action is instituted against him, he is estopped from asserting his release by virtue of extensions without his consent.

(Syllabus by Hooker, C.)

Error from District Court, Kingfisher County; James B. Cullison, Judge.

Action by M. Radamaker against John F. Kremke and another. Judgment for plaintiff, and defendant Kremke brings error. Reversed and remanded as to defendant Kremke, and affirmed as to defendant Frans F. Marth.

F. L. Boynton, for plaintiff in error.

D. K. Cunningham, for defendants in error.

Opinion by HOOKER, C. Radamaker commenced suit in the district court of Kingfisher county, February 15, 1913, to recover a judgment against John F. Kremke and Frans F. Marth, upon a promissory note of date May 15, 1907, for $1,000 due two years after date, with 7 per cent. interest from date, payable annually. The last clause of said note is as follows:

"The makers, indorsers and guarantors. waive presentment, notice of nonpayment, protest and notice of protest, diligence in bringing suit against any party thereto, and consent that the time of payment be extended without notice thereof. If collected by an attorney a fee of 10 per cent. will be paid. Exemption and appraisement laws waived."

The answer of Kremke was: (1) A general denial; (2) that he signed the note as surety, receiving no consideration therefor himself, and that the note had been extended by Radamaker under a contract with Marth without his knowledge or consent; and it is further contended that this suit was instituted before the maturity of the instrument. in view of the fact that the interest had been paid until May 15, 1913, and the time of payment extended until then, and this suit. having been instituted in February, 1913, was prematurely brought. Upon these issues the evidence was introduced, and the court rendered a judgment in favor of Radamaker against Marth and Kremke upon said note, and to reverse which an appeal is had to this court.

This court, in Adams v. Ferguson, 44 Okla. 544, 147 Pac. 772, said:

"An agreement to pay interest for the time of extension is a sufficient consideration to support a contract of extension"

—and if the extension for a definite time be given without consent of the surety, the surety is discharged. In case of Lambert v. Shetler, 71 Iowa, 463, 32 N. W. 424, it is held:

"If an extension of time is granted the principal. the surety is discharged unless he consents thereto. Mere knowledge of such extension, without more, is immaterial."

In the case of Bank v. Mallett, 34 Me. 547, 56 Am. Dec. 673, it is said:

"Surety on promissory note is discharged by binding extension of time given to the maker by the holder, without the surety's consent. although he may have consented to a previous contract of the same kind."

In Rochester Sav. Bank v. Chick et al., 64 N. H. 410, 13 Atl. 872, held:

"The extension of the time of payment of the note by the plaintiff, by a valid and binding contract with the principal makers. and with knowledge that the defendant Clark signed the note as surety, had the effect of discharging Clark, unless he assented to the

extension. Bank v. Woodward, 5 N. H. 99, 105 [20 Am. Dec. 566]; Wheat v. Kendall, 6 N. H. 504; Watriss v. Pierce & Co., 32 N. H. 560. The agreement between the plaintiffs and defendants Chick & Co. for an extension of time, in the absence of anything in the case to the contrary, must be taken to be a valid agreement, and one upon a good consideration, and binding upon the parties making it. Such an agreeement, made without the consent of the surety, Clark, was a discharge of him from further liability. Clark had no knowledge of any of the extensions, and did not consent to any of them, except by the agreement in the note. That agreement could not have been intended for an indefinite extension of time of payment, nor for a series of extensions from time to time, indefinitely, so that the creditors and, principal makers could, at their pleasure, always keep the surety liable, and forever prevent his enforcing payment against the principal, or using the statute of limitations as a defense. Such a construction of the agreement in the note with such consequences cannot be adopted without a clearly expressed intention to that effect in the agreement itself. The time of payment fixed upon in the note is six months, and the agreement 'to be holden should the time of payment be extended,' naturally, and by the ordinary force of language and taken in connection with the first part of the note, means a reasonable extension for a definite time, and not a series of extensions indefinite in number and endless in repetition. When the plaintiff, at the end of six months from the date of the note, extended the time of payment for a definite period of time, the extension was in accordance with the agreement of all parties; all parties were bound by it, and the defendant Clark was not thereby discharged. But the agreement in the note was met and satisfied by such an extension. Any further extension, upon a valid consideration and binding upon the plaintiff, made without the consent of the surety, had the effect of discharging him. Clark being discharged from •liability as surety, his subsequent promise to pay the note with no knowledge of the extension by which he was discharged nor of the circumstances under which the agreements for extension were made, did not have the effect to renew or re-establish his liability without a new and valid consideration. Bank v. Colcord, 15 N. H. 119, 125 [41 Am. Dec. 685]; Edwards v. Tandy, 36 N. H. 540; Norris v. Ward, 59 N. H. 487. The defendant Clark is entitled to judgment."

Also in 7 Cyc. 887, it is said:

"The consent of an indorser or surety to extensions of time of payment cannot be extended beyond its terms."

Also in Matchett v. Machine Works, 29 Ind. App. 407, 64 N. E. 229, 94 Am. St. Rep. 272, it is said:

"(6) An indefinite extension of the time of payment, or more than one extension is not justified by a provision in a note waiving all defenses of the extension of the time of payment given the drawers or indorsers."

From these authorities above quoted, we are of the opinion that the law is conclusively established that, although by the provisions of the note an extension of time may be waived, or more than one extension may be authorized, yet, it must clearly appear from the instrument itself that such was the case. By an examination of the note in question it is apparent that the language used was intended to apply only to one extension of the time of payment and no more. Hence, if more than one extension of time were given, then the plaintiff in error would be entitled to be discharged unless he consented thereto. Upon this question of consent the lower court made no finding of fact, but expressly held that it was unnecessary for plaintiff in error to have had any notice of such extension. The court finds from this evidence that the plaintiff in error was the surety of Marth. That being true, the plaintiff in error must have consented to an extension of time beyond that expressed in the note, and if he had no notice thereof, he is released from obligation unless by his subsequent conduct in accepting security from the principal to indemnify him against loss he recognized his liability upon this note, and thereby estopped himself from relying upon his release by virtue of the extension of time of payment without his consent. This we are unable to determine for the reasons aforesaid.

The court should have said whether plaintiff in error had notice of or consented to these extensions.

This judgment is therefore reversed, and the cause remanded as to the plaintiff in error, John F. Kremke, and affirmed as to Frans F. Marth.

By the Court: It is so ordered.