## ROSS v. DEXTER et al.

No. 12192—Opinion Filed Oct. 23, 1923.

1. **Mortgages — Validity — Failure of Consideration — Assumption of Debt by Vendee in Void Deed.**

K., claiming title under a forged warranty deed from the allottee, mortgaged the land to D. to secure the payment of $1,500, and thereafter conveyed by warranty deed to R., who, by check, paid $2,100, with a notation on the check stating that he assumed payment of the $1,500. The deeds to K. and from K. to R. at the suit of the allottee were canceled and set aside upon the ground that the deed to K. was a forgery. The consideration to R. wholly failed. Held, R. was not liable either to K. or D. for the payment of the $1,500 due on the mortgage.

2. **Same — Effect of Compromise with Vendor.**

R., after the consideration had failed, sued K. for the $2,100 paid and the $1,500 indebtedness assumed, and, by a compromise agreement, took judgment against K. for $1,200, it being understood as a settlement of his claim for the $2,100 paid. Held, by bringing such action R. did not thereby become liable, either to K. or D. for the payment of the mortgage indebtedness.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Carter County; Cham Jones, Assigned Judge.

Action by J. R. Dexter against J. A. Keltner, Lila Keltner, M. O. Cardin, Joe D. Johnson, and Randolph Ross. Judgment for plaintiff against Keltner, Johnson, and Ross, and for Keltner and Johnson on their cross-petition against Ross for whatever sum they were required to pay to Dexter. Randolph Ross appeals. Reversed.

I. R. Mason and Geo. A. Ahern, for plaintiff in error.

Moore & West, for defendants in error.

Opinion by RAY, C. J. A. Keltner, holding 110 acres of land in Carter county by warranty deed from Jimmy Thomas, the allottee, mortgaged the land to J. R. Dexter to secure the payment of $1,500. A few days thereafter Keltner, through the defendant J. D. Johnson, sold the land to Randolph Ross, plaintiff in error, for $3,600, and conveyed the land to Ross by warranty deed. Ross, at the time, paid $2,100 by check, and, by a memorandum on the check, assumed payment of the $1,500. May 27, 1919, a decree was entered in the district court of Carter county cancelling and setting aside the deeds from Thomas to Kelt-

ner, and from Keltner to Ross, and quieting title in the allottee, Jimmy Thomas, upon the ground that the deed to Keltner was a forgery. Ross, the plaintiff in error, then brought suit in the district court of Marshall county against Keltner and Joe D. Johnson to recover the $2,100 paid, and the $1,500 indebtedness which he had assumed. After the jury had been impaneled to try the case the parties agreed upon a compromise, and, upon that compromise agreement, judgment was entered in favor of Ross and against Keltner and Johnson for $1,200, which Keltner and Johnson subsequently paid. That judgment, based upon the compromise settlement, was understood by the parties at the time to be a settlement of Ross' claim against Keltner and Johnson for the $2,100 paid. October 27, 1919, J. R. Dexter, mortgagee, and holder of the notes, brought this suit to recover on the promissory notes given at the time the mortgage was executed, and joined Ross as a defendant. It appears to be agreed by all the parties to this action that the deed from Thomas to Keltner was a forgery and the title failed. On this state of facts, concerning which there is no dispute, judgment was entered in favor of Dexter against all of the defendants, and in favor of Keltner and Johnson on their cross-petition against Ross, on his covenant of assumption, for whatever of the judgment they were compelled to pay. From that judgment Ross appeals.

It is conceded that when the deeds to Keltner, and from Keltner to Ross, were canceled, and the title quieted in the allottee, the consideration to Ross failed. Ross assumed the payment of the $1,500, not by the terms of the deed, but by his written statement to that effect upon the check he gave on the original payment. He also acknowledged that he had assumed that payment by bringing suit against Keltner and Johnson for the $1,500 in addition to the $2,100 actually paid. The attempt to recover the $1,500 which he had assumed shows that he thought he was liable to Dexter for that amount. But does the fact that he thought he was obligated in law make him so? We think not. The consideration wholly failed. He had paid $2,100 for a title which he did not receive. It may be, under the authorities cited by defendants in error, if he had collected the $1,500 from Keltner and Johnson, or recovered judgment for that sum above the $2,100 paid, that he would not have been permitted to question the validity of his covenant of assumption, but that question is not before us and, therefore, not decided. He neither

collected or recovered judgment for the $1,500 he had assumed. He had paid $2,100, and recovered judgment by compromise for $1,200 which was understood by the parties to be a settlement of his claim of $2,100 against Keltner and Johnson.

The law was correctly announced by Justice Sharp in Cushing v. Cummings, 72 Oklahoma, 179 Pac. 762:

"In an action by the assignee of a promissory note to foreclose a mortgage on real estate, and for money judgment on his covenant of assumption against a purchaser thereof (whose deed, according to the pleadings, provided for 'a good title'), where it is made to appear that, in a former suit by the rightful owner in which the original mortgagee and payee of the note (prior to assignment) and the purchaser were defendants, the deed of the purchaser and the mortgage were, by a valid decree therein rendered, canceled and removed as clouds on the title of the owner, there being a total failure of the title in the purchaser, and of consideration for the covenant of assumption, no recovery thereon will lie."

Defendants in error contend that Jones v. Perkins, 43 Okla. 734, 144 Pac. 183, and United States Bond and Mortgage Co. v. Keahey, 53 Okla. 176. 155 Pac. 557, are applicable and controlling. We think not. In the former case the original deed was void because executed by a minor allottee and, therefore, the mortgage given by the grantee was void, but, after the allottee reached his majority, he had conveyed good title to Gooch, who had conveyed by warranty deed to Jones, "except a mortgage of $750 made in favor of plaintiff," and the amount of the mortgage was withheld from the purchase money. There it was held that under such circumstances the purchaser would not be permitted to question the validity of the mortgage.

The latter was a similar case. The purchaser had acquired a good title subject to the mortgage. In the case at bar, the consideration wholly failed. Of the $2,100 paid for the void deed he only recovered $1,200, leaving a clear loss of $900 for which he received no consideration.

Reversed with directions to set aside the judgment as to defendant Randolph Ross and dismiss the petition and cross-petition as to him.

By the Court: It is so ordered.