**SAWYER v. BAHNSEN et al.**

No. 13028—Opinion Filed April 8, 1924.

Rehearing Denied May 13, 1924.

(Syllabus.)

1. **Contracts—Consideration for New Promise—Forbearance to Sue.**

An extension of time for the payment of indebtedness or forbearance from suit on a valid cause of action constitutes a sufficient consideration for a new promise to pay a like amount to the party granting such extension or forbearing such suit.

2. **Mortgages—Assumption of Debt by Vendee—Release of Vendor by Extension of Time by Mortgagee.**

Where a person purchases land which is incumbered by a mortgage and assumes and agrees to pay the mortgage debt, as between the parties to this transaction the grantee bears the relation of principal debtor, and

the grantor that of a surety. Any extension of said indebtedness to which such surety is not a party constitutes a release of such surety.

**3. Contracts—Mistake of Law—Land Title.**

A mistake as to the extent of the title to real estate, under undisputed facts, constitutes a mistake of law and not of fact, and is not such a mistake as will relieve either party from a contract voluntarily entered into in the absence of fraud, misrepresentation, or duress.

**4. Same—Assumption of Mortgage Debt by Vendee—Contract Extending Time—Consideration—Failure of Title.**

Where real estate is purchased incumbered by a mortgage, such mortgage and the indebtedness secured thereby being assumed by the grantee, and where extensions of time are granted for the payment of such indebtedness in writing, in which extensions the grantee makes an independent promise to pay the debt, the original maker being released by operation of law, such grantee will not be relieved of such promise on the ground of lack of consideration therefor on a showing of failure of title to such real estate.

Error from Superior Court, Muskogee County; Guy F. Nelson, Judge.

Action by D. F. Sawyer against J. E. Bahnsen et al. to recover principal and interest on a promissory note executed by Belle Wright and John Wright and upon two extension agreements thereon executed by defendants. Judgment rendered in favor of the defendants; the plaintiff prosecuted this appeal. Judgment reversed, with directions to enter judgment for plaintiff.

E. C. Stanard and C. H. Ennis, for plaintiff in error.

Vilas V. Vernor, for defendants in error.

WARREN, J. In this suit, the plaintiff, D. F. Sawyer, sues the defendants, J. E. Bahnsen, A. H. Livingston, and Laura M. Livingston, to recover principal and interest on a promissory note executed by Belle Wright and John Wright and upon two extension agreements thereon executed by defendants. The original note was executed June 12, 1908, to L. W. Clapp and a mortgage on real estate was executed at the same time to secure such note. The land was sold by the Wrights prior to the maturity of the note and mortgage to defendants, who assumed and agreed to pay such indebtedness. On February 1, 1913, the defendants executed an extension agreement with the plaintiff, whereby the said defendants agreed to pay the principal and interest at a date five years from June 1, 1913. On June 20, 1918, another extension agreement between the parties was had to the same effect, providing for payment five years from June 1, 1918.

Meanwhile, early in the year 1916 suit was filed against defendants by strangers to these contracts, which litigation was decided adversely to the defendants, and premises were surrendered by the defendants July 29, 1919. This suit was filed March 8, 1920, for the principal and one past due interest installment.

The litigation over the land wherein the defendants were unsuccessful was finally terminated in this court July 29, 1919, being cause No. 8711, Hamilton et al. v. Bahnsen et al., 75 Okla. 216, 183 Pac. 413. The matters in contention therein were purely matters of law. There were no controverted questions of fact, merely a difference as to what law of inheritance governed under the facts admitted and proven.

The trial court found for the defendants on the theory that there was no consideration for the assumption of the indebtedness and no consideration for the extension agreements of February 1, 1913, and June 20, 1918.

Were this a suit between the plaintiff, defendants, and the Wrights, this contention might be tenable, but we are confronted with two independent extension agreements of five years each, by the terms of which the defendants absolutely promise to pay the plaintiff the sums sued for in this action. On June 1, 1913, the plaintiff had a right of action on his note and for foreclosure of mortgage on lands then held by the defendants, and on June 1, 1918, had a like action for the same sums. He forbore suit in consideration of these extension agreements and such extension and forbearance is a sufficient consideration to support the agreements. 9 Cyc. 338, 342; Matthews v. Seaver, 34 Neb. 592, 52 N. W. 283; Fraser v. Backus, 62 Mich. 540, 29 N. W. 92; Parker v. Enslow, 102 Ill. 272, 40 Am. Rep. 588; Hewett v. Currier (Wis.) 23 N. W. 884; Llano Imp. Co. v. Pac. Imp. Co., 66 Fed. 526, 13 C. C. A. 625; Hays v. Smith, 65 Okla. 113, 164 Pac. 470. Section 5019, Comp. Stats. 1921, is in point here and reads as follows:

"Any benefit conferred, or agreed to be conferred upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered or agreed to be suffered by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise."

There was a benefit conferred on defendants in the extension of time, the freedom from litigation, the continued possession of the property. There were benefits to which

they were not lawfully entitled if extension had not been granted, but which they received from the plaintiff by virtue of this promise.

The court in the case of Llano Imp. Co. v. Pac. Imp. Co., supra, said:

"In a suit by the P. Co. on the note it was claimed that the contract and all transactions relating to it were ultra vires and void. Held, that whether such contract was in fact valid or void, there was at the time the note was given sufficient ground for litigation, if the L. Co. had chosen to treat it as void and refuse performance, to constitute a good consideration for this note, and that the P. Co. was entitled to recover on the note."

The plaintiff in this case on June 1, 1913, forbore to sue the Wrights and the defendants in this case. At that time defendants were in possession of the land without a cloud on the horizon. The Wrights may have been perfectly good on execution for the amount of the note, independent of the property in question. There might have been a foreclosure if defendants had refused to pay, and the land might, and probably would, have sold for enough to pay plaintiff's debt, with no obligation on his part for a return on failure of title. On the date of the second extension agreement suit had been brought against defendants for more than two years to cancel their title to this land. Yet in the face of this lawsuit defendants executed their second agreement to pay the debt and secured five more years' time thereon. Plaintiff's right of action against the Wrights expired with the extension agreement, to which they were not a party. Kremke v. Radamaker, 60 Okla. 138, 159 Pac. 475; Adams v. Ferguson, 44 Okla. 544, 147 Pac. 772; Bennet v. Odneal, 44 Okla. 354, 147 Pac. 1013.

Further, at the date of the second extension agreement the bar of the statute of limitations would have been available to the Wrights. The extensions were evidently considered by all persons as the original obligations of the defendants, and as such amounted to a novation. Hoeldtke v. Horstman (Tex.) 128 S. W. 642; Hill v. Hoeldtke (Tex.) 142 S. W. 871; Sneed v. White (Ky.) 20 Am. Dec. 175; Morgan v. Cred. (La.) 20 Am. Dec. 285; Ferst et al. v. Bank of Waycross (Ga.) 36 S. E. 773.

The case of Hoeldtke v. Horstman, supra, holds:

"Some of the earlier decisions are disposed to treat the assumption as a contract of indemnity made for the benefit of the mortgagor, of which the mortgagee may avail himself by right of subrogation, and that his remedy may be enforced only through an equitable proceeding. The majority of the

later adjudications, and the text-writers, as well, regard such an undertaking as a contract made for the benefit of the mortgagee, upon which he may sue the grantee directly at law; that when assented to by the mortgagee the contract of assumption partakes somewhat of the nature of a novation."

Ruling Case Law, vol. 20, page 372, section 16, says:

"It is a thoroughly well established rule in all jurisdictions in which the common law prevails that the release of the original debtor by a novation of a contract may be established, like any other agreement, by proof of facts and circumstances from which the implication of such release would reasonably arise."

After the sale of the lands the Wrights appear no more in any transaction or litigation, and it was evident that the extension agreements were the simple and direct means by which the defendants were substituted as the original debtors. Thus the test of a novation as required by Martin v. Leeper Bros. L. Company, 48 Okla. 219, 149 Pac. 1140, is met in this case. There was an original valid obligation, the Wright note, agreement of all parties to the new contract, extinguishment of the old obligation, and a new and valid one. The only feature about which any question at all could arise would be the agreement of the Wrights. They had sold the property and passed on. The new transaction was for their benefit and from all the circumstances it would be absurd to hold such consent was not shown. Whether or not these agreements contain all the elements of a novation as defined in Martin v. Leeper, supra, it is evident that the language of the agreements justify a suit upon them as independent contracts.

The defendants in error in this case rely on the case of Iowa Loan & Trust Company v. Schnose, 19 S. D. 248, 103 N. W. 22, 9 Am. & Eng. Anno. Cases 255, and the facts are in many respects similar, but we are unable to reach like conclusions. The syllabus of that case in part is as follows:

"Under Rev. Civ. Code, secs. 1189, 1194, 1196, 1205, 1206, declaring that consent is essential to the existence of a contract, that it is not free when obtained through mistake, and that a mistake in fact is a mistake not caused by the neglect of a legal duty, where defendants believed when they contracted for an extension of time on assuming a mortgage that they had a legal title to the property subject to the mortgage, and plaintiff believed when it accepted the mortgage that it was securing a valid lien, and, at the time of the extension, had no notice that the mortgage was invalid, the contract of extension was not binding, because of the mistake.

"Where a mortgagor conveyed the property to a grantee, who assumed payment of the mortgage with knowledge of the mortgagee, the mortgagor became surety, and an extension of time of payment granted without his knowledge or consent extinguished his liability.

"Where more than six years have elapsed since a cause of action accrued on a note against a defendant, and he has paid no interest thereon since 1890, the note is barred by limitations."

The court in that case found that the mistake as to the title was a mistake of fact and such a one as rendered the contract not binding. Under all the decisions of this court the mistake in this case was not a mistake of fact, but a mistake of law. As heretofore set out in this opinion, there was no mistake or difference of opinion as to the facts surrounding this title, there was only error of law in applying the law to such facts. In the case of Campbell v. Newman, 51 Okla. 121, 151 Pac. 602, this court held:

"A mere mistake of law, not accompanied by other circumstances demanding equitable relief, constitutes no ground for rescission, cancellation, or reformation of a deed to lands based upon such mistake.

"The father and mother, members of the Chickasaw Nation, of less than one-half blood, for a valuable consideration, joined in executing a warranty deed conveying to their minor son a part of the allotment of their deceased daughter, who died intestate, unmarried, and without issue, believing that they owned only a life estate in the allotment, when under the law of descent the father owned the fee therein. Held, that after the father discovers that he was mistaken in the law of descent, under which the allotment of the deceased daughter was cast, he cannot maintain an action to cancel the deed to his son and to quiet title to the land conveyed on the ground of 'mistake of law.'"

In the case of Palmer v. Cully, 52 Okla. 454, 153 Pac. 154, the court defines a mistake of law as follows:

"A 'mistake of law' happens when a party, having full knowledge of the facts, comes to an erroneous conclusion as to their legal effect. It is a mistaken opinion or inference arising from an imperfect or incorrect exercise of the judgment upon the facts as they really are."

In closing the opinion the court said:

"There being no undue influence, misrepresentation, or fraud, and no mistake of fact inducing or in any way connected with the execution or delivery of the deed of June 3, 1912, by plaintiff to Thomas Palmer, but merely a mistaken view of the law as to plaintiff's rights under her known status, it is clear that under the settled doctrine in this jurisdiction she is not entitled to the relief she seeks, for the reason that such mistake of law does not constitute grounds for rescission or the cancellation of said deed."

Tested by these decisions the case of Iowa Loan & Trust Company v. Schnose, supra, must have presented a different situation as to the facts surrounding the title, or must be declared not to be the law in this jurisdiction.

There is another difference in the two cases. The Dakota case recites that the parties had no notice that the mortgage was invalid, while in the present case the later agreement was made more than two years after the suit was filed. Except for syllabus 1 the Dakota case correctly states the law and is in accord with this opinion.

The cases of Cushing v. Cummings, 71 Oklahoma, 179 Pac. 262, and Ross v. Dexter, 93 Okla. 73, 219 Pac. 689, cited by defendants in error correctly state the law, but are not in point here. Neither case presents the extension feature.

The judgment of the trial court will be reversed, with directions to enter judgment for plaintiff.

JOHNSON, C. J., and NICHOLSON, COCHRAN, and LYDICK, JJ., concur.