R. L. PATTY, Plaintiff in Error,

v.

B. A. PRICE, Defendant in Error.

No. 37347.

Supreme Court of Oklahoma.

Nov. 27, 1956.

A. M. Beets, Comanche, for plaintiff in error.

George W. Moser, Comanche, for defendant in error.

CORN, Justice.

B. A. Price as plaintiff filed an action against Hubert Patty, Ray Stogsdill and R. L. Patty on a promissory note, a copy of which is as follows:

"$4250.00          Comanche, Oklahoma
                        Feby. 12 1951

"One Year after date for value received, I, we, or either of us promise to pay to the order of B. A. Price Four Thousand Two Hundred Fifty & no/100 ——— Dollars, with 6 percent interest thereon from Date, and on all past due principal and interest from its maturity, at the rate of 6 percent per annum until paid, interest payable annually, and if this note is not paid when due and is placed in the hands of an attorney for collection, or if collected through any trustee or by legal proceedings, then ten percent of the amount then due hereon, shall be added as liquidated collection fees. We, the makers, guarantors, assignors,

sureties, and endorsers severally waive extension, presentment for payment, demand protest and notice of protest for non-payment of this note.

"Due Feby 12th 1952      /s/ Hubert Patty
                              /s/ Ray  Stogsdill
"/s/ R. L. Patty

"By cash for interest
to 2–18–52 ........ $255.00

"6–25–53 By Cash to
pay interest to Feb
18–53 ............ $255.00

"3–8–54
By Cash to pay interest to Feb 18–54 $255.00"

Hubert Patty confessed judgment and Ray Stogsdill has defaulted. R. L. Patty filed the following answer:

"Comes now R. L. Patty, one of the above named defendants and for his separate answer to the petition herein and denies each and every material allegation in said petition contained, and further answering states that he admits endorsing the note described in the petition on the reverse side thereof as a surety or *accomodation* endorser without receiving any consideration therefor which at the time the plaintiff well knew. That said note matured by its terms on the 12th day of February, 1952; that thereafter, and without the knowledge of this defendant was renewed and extended to the 12th day of February, 1953; and thereafter still without the knowledge or consent of the defendant again extended or renewed for another year to February 12th, 1954, all without notice to, or knowledge of the defendant with the result that defendant was released from his obligation as a surety or *accomodation* endorser on said note."

Issues being joined the case was tried to the court without a jury and judgment rendered for the plaintiff against all three defendants. Defendant R. L. Patty alone

appeals and argues that the court erred in holding that he was not released by an unwarranted extension of the note. He cites Adams v. Ferguson, 44 Okl. 544, 147 P. 772. Therein it is stated:

"The elements necessary to unite in order to constitute an extension which will discharge the surety have been set out by Mr. Daniel, in his work on Negotiable Instruments (volume 2 [5th Ed.] § 1315), as being:

" 'First. A valid consideration. Second. An agreement. Third. The extension must be for a definite time. Fourth. It must be without the consent of the surety. Fifth. It must be be without reservation of remedy against the surety. And sixth. The agreement must be with the principal in the obligation.' "

■ The consideration for extension must include an agreement not to sue in order to release a surety. In this connection see Sawyer v. Bahnsen, 102 Okl. 41, 226 P. 344. Defendant concedes that the note provides a waiver of at least one extension but claims he is released by subsequent extensions and cites in support thereof Kremke v. Radamaker, 60 Okl. 138, 159 P. 475, wherein it is stated:

"Where by the stipulation in the note the time of payment may be extended without notice the provisions therein with reference to the extension are met and satisfied by one extension, and if more than one extension be given for a valid consideration and without the consent of the surety, the surety is thereby discharged from liability."

In Gregg v. Oklahoma State Bank of Ada, 72 Okl. 193, 179 P. 613, it is stated:

"Where a note contained the stipulation, 'and all the several names, sureties, and indorsers thereof waive appraisement, notice of extension, nonpayment, and protest, and agree that any extension of time made herein, or renewal thereof, shall not affect their liability, whether they have notice of such extension of renewal or not,'

indicated that any one of an indefinite number of extensions was intended."

In the opinion it is stated:

"Under the authorities on this question, we do not think that we would be justified in extending the rule further than has been done in the case of Kremke v. Radamaker, supra. In that case, by an examination of the record, we find the note was to mature two years from the date thereof. The parties resided in different states. The Commissioner, in delivering his opinion, was careful to state that 'by an examination of the note in question it is apparent that the language used was intended to apply to only one extension of the time of payment and no more.' It will be observed that the provision as to the extension of payment of the note in the case at bar is that the parties liable thereon agree that any extension of time made thereon shall not affect their liability, whether they have notice of such extension or not."

On cross-examination plaintiff stated that there was an understanding that the note would be extended for the next year but there was no agreement not to sue. In his direct testimony he testified that R. L. Patty came to him in 1955 to see about the note and stated that if plaintiff would bring suit on the note and reduce the same to judgment he would pay it.

R. L. Patty denied this. He testified that he knew Hubert Patty had been paying the interest on the note from time to time; that he never made any inquiry about the note until he went to see plaintiff in 1955.

■■ From the evidence introduced at the trial, the trial court was authorized to find that there was no extension binding on either the plaintiff or defendant R. L. Patty. R. L. Patty could have paid the note at any time and proceeded against the signers.

■ In a law action tried to the court without a jury, a judgment will be given the same effect as a verdict of a jury and the same will not be reversed if there is

any evidence reasonably supporting the judgment. Continental Supply Co. v. Dickson Oil Co., 194 Okl. 660, 153 P.2d 1017.

■ There being competent evidence to sustain the judgment of the trial court it is affirmed.

WILLIAMS, V. C. J., and DAVISON, HALLEY, BLACKBIRD, JACKSON and CARLILE, JJ., concur.