## WEAGANT v. CAMDEN *et al.*

No. 2806.   Opinion Filed May 20, 1913.

(132 Pac. 487.)

**EVIDENCE—Parol Evidence—Admissibility.** Where a number of persons signed a promissory note in their individual names, and nothing appears on the face of the instrument to suggest that they executed the same in a representative character, it was error, in a suit on the note, to admit parol evidence tending to show that they executed it as directors in a corporation.

(Syllabus by Brewer, C.)

*Error from Cherokee County Court;*
*J. T. Parks, Judge.*

Action by Will Weagant against P. C. Camden and others. Judgment for defendants, and plaintiff brings error. Reversed.

*Bruce L. Keenan* and *Graves & Seaton,* for plaintiff in error.

*J. Berry King,* for defendants in error.

Opinion by BREWER, C.   This suit was brought by the plaintiff in error as plaintiff below to recover $470.48 as a balance alleged to be due on the following promissory note:

"798.00.   Talequah, Oklahoma, March 17, 1908.   1st day of January 1909, after date we promise to pay to the order of Will Weagant, seven hundred & ninety-eight dollars, at 8 per cent interest from date until paid value received.   P. C. Camden.   A. C. Reece.   J. E. Duncan.   J. M. Garette.   J. N. Thomas.   J. F. Brewton.   J. J. Hicks.   G. W. Weems.   M. J. Young."

The defendants admitted the execution of the note, but denied liability thereon for the alleged reason that they did not sign the note as individuals, but as officers of the Co-operative Association of America, who is the real party in interest. The defendants further alleged that they received no benefit, individually, through the execution of the note; that they acted only

as officers of the association; that plaintiff was so advised, etc. The defendants further alleged that the association executed a mortgage on its property to secure this note, and that the credits placed on the note were the proceeds of the sale of the same. Later in an amendment to the answer the defendants alleged that they were members of the corporation known as the Co-operative Association of America, and that any liability there may be, if any, upon the note herein sued upon, is as against them· as individual members of the association, and that they are only liable for their pro rata part of same. The plaintiff demurred to this answer, and later moved for judgment on the pleadings; being overruled as to both, when the trial came on he objected to the introduction of any evidence to sustain the allegations of the answer. This objection being overruled, the evidence was submitted to a jury, and a verdict was returned finding in favor of all the defendants and that they go hence with their costs.

The answer in this case does not state a defense. To sustain it, required, as was permitted in this case, the admission of oral evidence that the signers to this note were directors in a corporation, and intended by their signatures merely to bind the corporation. In other words, that the note was signed by them in their representative capacity. If there were, upon the face of this instrument, indications suggestive of agency—such as the addition of words of office or agency to the signature—quite a different question would be before us, and the contention made here would find many authorities sustaining it. It has been very generally ruled that where it is not clear, from the face of the note sued on, whether the signers contracted in their representative or their individual character, then, as between the original parties extrinsic evidence may be introduced to show the intention of all the parties at the time of the execution of the note as to the capacity in which the signers executed it. *Wiers v. Treese,* 27 Okla. 774, 117 Pac. 182; *Benham v. Smith,* 53 Kan. 495, 36 Pac. 997; *Fullerton v. Hill,* 48 Kan. 558, 29 Pac. 583, 18 L. R. A. 33; *Kline v. Bank of Trescott,* 50 Kan.

91, 31 Pac. 688, 18 L. R. A. 533, 34 Am. St. Rep. 107; *Powder Co. v. Sinsheimer,* 48 Md. 411, 30 Am. Rep. 472; *Swarts v. Cohen et al.,* 11 Ind. App. 20, 38 N. E. 536; *Bean v. Pioneer Mining Co.,* 66 Cal. 451, 6 Pac. 86, 56 Am. Rep. 106.

This is a plain negotiable promissory note in the usual form signed by these various persons, without the slightest ambiguity or doubtfulness of meaning. There is not an indication to be found in the instrument that in any way indicates or suggests that these persons signed as directors of a corporation, which is the claim, or that they in fact signed otherwise than as individuals .pledging their individual credit to the payment of the note.

The other questions discussed need no consideration at our hands.

The cause should therefore be reversed.

By the Court: It is so ordered.