**JAMES et al. v. JOHNSON et al.**

No. 25519. April 6, 1937.

Withdrawn, Corrected. Refiled and Rehearing Denied May 18, 1937.

George James and George C. Beidleman, for plaintiffs in error.

E. F. Maley, for defendant in error R. Lee Johnson.

G. R. Horner, for defendant in error Marie Johnson.

P. A. M. Hoodenpyl, for defendants in error H. M. Elwell and Ella Paris.

BAYLESS, V. C. J. George James and others, plaintiffs below, appeal from a judgment of the district court of Okmulgee county for R. Lee Johnson and others. The parties will be referred to as their interests appeared in the trial court.

The plaintiffs leased their building to R. Lee Johnson for the years 1930 and 1931, for an agreed sum payable monthly in advance. In the lease contract R. Lee Johnson gave the plaintiffs a chattel mortgage on all his hotel furniture and fixtures in the hotel as security for the payment of the rent. Johnson took possession of the property and conducted the business of the hotel until May, 1930, at which time he sold his furniture and fixtures and assigned his lease to the defendants H. M. Elwell and Ella Paris, taking a mortgage back on the unpaid amount of the purchase price. Elwell and

Paris managed the hotel and paid all the rent under the contract, except for the last eight months of the lease. The plaintiffs brought an action to foreclose their mortgage on the furniture and fixtures for the unpaid amount of the contract. The case was tried to a jury, and judgment issued on its verdict for the defendants.

The plaintiffs allege and argue five assignments of error, but we need discuss only one question. Was there any evidence of a novation wherein R. Lee Johnson was released from his contract?

In order for us to properly discuss this, we must first know and understand the requisites of a novation. In the case of Drumright State Bank v. Webster Heide et al., 124 Okla. 108, 254 P. 80, we held:

"Where a novation is relied upon by way of discharging a valid obligation, such novation must be pleaded directly, or in substance and effect, by pleading that the new valid obligation was accepted in lieu of the former obligation"

—but all the answer and cross-petition of R. Lee Johnson contains is the following paragraph:

"For further allegations hereof, this defendant states that H. M. Elwell and Ella Paris have occupied said Broadmore Hotel since the 12th day of May, 1930, managing the same, collecting the revenue therefrom, and obligated themselves for the rent of said premises; that these plaintiffs looked solely and alone to the said H. M. Elwell and Ella Paris for the rent of said premises, and that if any rent is due and owing for the use and occupancy of said premises, the same is due and owing by the said H. M. Elwell and Ella Paris, and not this defendant; that this defendant had no control of or the occupancy of said premises since the 12th day of May, 1930, and that this defendant has not at any time paid any part of the rent for said premises since said date; that these plaintiffs since said date demanded the rent from the defendants H. M. Elwell and Ella Paris, and all rent paid for the said premises since the 12th day of May, 1930. was paid by the said defendants, H. M. Elwell and Ella Paris, and that plaintiffs accepted the said H. M. Elwell and Ella Paris as tenants thereof."

We are of the opinion that this is not sufficient to raise the question of a novation.

However, for the sake of argument, let us assume that the question of a novation was properly raised. It would then be necessary for the defendant to assume the burden of proof and show, as was held in Martin v. Leeper Bros. Lbr. Co., 48 Okla. 219, 149 P. 1140:

"The requisites of a novation are a previous valid obligation, an agreement of all the parties to a new contract, the extinguishment of the old obligation, and the validity of the new one."

The only testimony in support of Johnson's contention that there was a novation is his own, which is as follows:

"Q. Did you discuss with Mr. James the question of whether your transaction with H. M. Elwell and Ella Paris would be agreeable to him? A. I told him of the transaction several times and I showed Mr. James the contract and he agreed to it. I gave Mr. James full information about the transaction and everything was agreeable to Mr. James. Q. Well, did Elwood and Paris go into possession of the hotel under the contract that you have attached as an exhibit to your deposition? A. Elwell and Paris took possession of the hotel and property therein on the 15th of May, 1930. For the first half of that month I paid the rent to Mr. James in the sum of $57.57 and the rent for the balance of May, 1930, was paid to Mr. James by Elwell and Paris, so I am informed, but since May 15, 1930, I have had no control nor have I in any way been associated with the hotel and have had no further dealings with reference to it with anyone."

So, in view of the fact that James did not enter into the contract between Johnson and Elwell & Paris, and the fact that both James and Elwell & Paris testified that James did not agree to release Johnson from his contract, and no testimony was presented that James had released Johnson from his contract, we must hold that there was no novation.

The question arises, Did James, when he looked to Elwell and Paris for the rent, release Johnson from his contract? This court has answered this question in the case of McFarland v. Mayo et al., 65 Okla. 28, 162 P. 753, wherein we held:

"Where one enters into a lease contract whereby he covenants and obligates himself to pay rent, the assignment of the lease by him and the agreement of the assignee to fulfill the covenants of the lease, the payment of the rent as same matures and the acceptance thereof by the landlord, does not release the lessee from the terms of his lease."

There is a cross-appeal herein on the part of H. M. Elwell and Ella Paris, who gave a chattel mortgage to R. Lee Johnson to secure the payment of the purchase price of the personal property they bought from Johnson. Johnson sought possession of the property from them, but did not seek a personal judgment. Elwell's and Paris' defense was that the mortgage had been altered by Johnson, after it had been executed and delivered, by the inclusion of a Chevrolet automobile. The evidence on this point was conflicting, and the jury decided against the contention, and under these circumstances we cannot reverse their verdict. Complaint is made of the wording of the instructions to the jury on this issue. One of these instructions is subject to criticism, but in view of the evidence of the parties we cannot believe that the instruction harmed the cross-petitioners. We are enjoined by statute (section 3206, O. S. 1931) not to reverse a judgment for error unless we can say it prevented the complaining party from having a fair trial. The cross-appellants likewise complain of the rendition of a personal judgment against them, asserting that none was sought. In our opinion the allegations of the cross-petition of Johnson clearly established a basis for a personal judgment. The prayer of the cross-petition was for possession of the property to foreclose, but included a further prayer "for such other and further relief as appears proper in the premises." We are of the opinion the trial court did not err in rendering such personal judgment.

The judgment of the trial court, in so far as it denied the plaintiffs judgment, is hereby reversed, and the trial court is directed to enter judgment for the plaintiffs for such money as is due them and for a first lien upon the personal property and such other relief as is just, and the judgment of the trial court in favor of R. Lee Johnson and Marie Johnson against Elwell and Paris is affirmed, except the same shall in all respects be inferior to the judgment of the plaintiffs. The disposition of the judgment of the Johnsons between them is confirmed.

Affirmed in part and reversed in part.

OSBORN, C. J., and RILEY, BUSBY, WELCH, PHELPS, GIBSON, and HURST, JJ., concur. CORN, J., dissents.