**KENNEY et ux. v. EBLEN et al.**

No. 27758.   Jan. 11, 1938.

Dennis H. Wilson and Perry Porter, for plaintiffs in error.

Chas. E. Prettyman, Jr., Bryce Ballinger, and Dyke Ballinger, for defendants in error.

GIBSON, J.   The question involved in this appeal is whether the five-year statute of limitation barred suit on the note and mortgage owned by the defendants in error, who were plaintiffs below. Plaintiffs in error. W. M. Kenney and wife, who were defendants below, on December 1, 1924, executed a note for $2,000 to W. H. Duff, payable December 1, 1929, and secured the payment thereof, with 8 per cent. interest, by mortgaging their homestead. In 1927 Duff assigned the note and mortgage to H. A. Williams, who died in 1933. This action was commenced April 13, 1936, by the brothers and sisters of H. A. Williams. who were distributees of his estate. Their title is not in dispute.

It is apparent that at the time suit was brought more than five years had elapsed from the due date of the note. Plaintiffs, however. relied upon an extension agreement whereby the due date was extended until December 1, 1931, which was less than five years before the filing date of the suit. The trial court upheld their contention and rendered judgment for the balance due on the note and for foreclosure of the mortgage.

The evidence discloses the following facts as to the extension agreement: After the note became due, and on December 24. 1929, Mr. Kenney met the then holder of the note and mortgage, Mr. Williams. in the office of an attorney in Miami, Okla.. where the question of paying or extending the note was discussed. Mr. Kenney was unable to pay the note: thereupon Mr. Williams agreed that if Kenney would pay the interest on the note and $500 on the principal, payment of the balance of the note would be extended for a period of two years. Kenney paid Williams $660 by check. Above the signature on the check was written the following; "Int. on note due Dec. 1, 1929, $160; pyt on principal 500; note extended to Dec. 1, 1931." This check was accepted and endorsed by Mr. Williams and at the same time there was endorsed on the note

the following notations: "Credits—Dec. 24, 1929 By check $500. The maturity date of this note is extended to December 1, 1931."

Both the notation on the check and the endorsement on the note were written by the attorney, but were in the presence of both Kenney and Williams and were pursuant to the agreement made. The testimony of Kenney was contradictory, but that part of it which amounted to admissions was corroborated in the main by the testimony of the attorney who handled the transaction. Kenney both admitted and denied that he paid $120 interest (8% on the $1,500 balance) under the extension, on December 6, 1930. This payment was endorsed on the note, and is shown by copy attached to the petition. The execution of the note was admitted in the answer, and by failing to deny by verification of answer the allegation of such endorsement, it is admitted. Berry v. Oklahoma State Bank, 50 Okla. 484, 151 P. 210. The effect of this payment was to keep in full force the extension agreement. By accepting this payment, under the agreement Williams could not have instituted suit before December 1, 1931.

For reversal Kenney and wife contend that there was no consideration for the extension agreement, since the maker paid only a part of what was already due, and only the matured interest. 8 C. J., p. 435. Cain v. Munger, 48 Okla. 24, 149 P. 1086; Frederick v. Tabor, 96 Okla. 99, 221 P. 505.

That the extension here was for a definite period of time is shown both by the oral testimony and by the notations on the check and the note. That the interest was to be at the same rate is shown by the inferences to be drawn from the extension of the note, the payment of interest at such rate for the first extension year, and by the admission of Mr. Kenney that at the time he gave the check for the extension it was agreed that the interest would be the same. His subsequent attempt to deny this agreement can be given but little credence. The court had the right to take this admission against interest at its full value. Sturm v. American Bank & Trust Co., 172 Okla. 294, 44 P. (2d) 974.

The other cases cited supra involve payments or agreements relating only to past due interest, not to prospective interest. In Adams v. Ferguson, 44 Okla. 544, 147 P. 772, we said:

"An agreement to pay interest for the time of the extension is a sufficient consideration to support the contract of extension."

Doubtless if the holder of the note had attempted to sue before December 1, 1931, the makers of the note could and would have pleaded the recitation in the check, acceded to by the holder of the note both by his acceptance and endorsement of the check and the endorsement of the extension on the note, as sufficient evidence of a valid extension agreement, and thus would have prevented foreclosure at any such prior time. For these reasons the commencement of the running of the statute of limitations was postponed until December 1, 1931. The action, therefore, was brought in time. See Ardmore State Bank v. Lee, 61 Okla. 169, 159 P. 903, which cites the case of Adams v. Ferguson, supra.

It is asserted, however, that, since the land was the homestead and Mrs. Kenney disclaimed any knowledge of the payments made or consent to extension of time for payment of the note, the statute ran as to her; that, therefore, there could be no foreclosure. Her knowledge of or consent to the extension agreement was unnecessary. Bennett v. Odneal, 44 Okla. 354, 147 P. 1013.

The judgment of the district court is affirmed.

RILEY, WELCH, PHELPS, CORN, and HURST, JJ., concur. OSBORN, C. J., BAYLESS, V. C. J., and DAVISON, J., absent.