## BICKLEY v. PARKS.

No. 28687. March 28, 1939.

Rehearing Denied May 2, 1939.

H. P. Daugherty, for plaintiff in error.

H. Tom Kight and H. Tom Kight, Jr., for defendant in error.

CORN, J. The plaintiff in error seeks to reverse a judgment rendered against him in the district court of Rogers county. The parties occupy the same position here as in the trial court and we shall refer to them as plaintiff and defendant respectively.

On or about March 1, 1930, plaintiff rented a store building to defendant under an oral contract, at an agreed rental of $20 per month. Defendant thereafter occupied the building for a period of 65 months. Plaintiff filed suit alleging these facts and that, although the rent amounted to $1,300 for this period, defendant had paid only $850.97, leaving a balance due of $449.03, for which amount plaintiff asked judgment.

The defendant's answer admitted the contract and the correctness of the amounts credited as rent payments, but set up that when he rented the building plaintiff had agreed to make certain improvements, but had failed to do so. Further, that on or about July 25, 1931, the parties had entered into a new oral contract, whereby plaintiff agreed to reduce the rent to $10 per month. Defendant also filed a cross-petition alleging he had overpaid plaintiff $63.97, and asked judgment for this amount.

At the trial the defendant assumed the burden of proof, and at the close of the evidence the plaintiff demurred thereto but was overruled. Plaintiff then introduced his evidence, and at the close thereof moved for an instructed verdict and was overruled.

The cause was submitted to the jury under instructions from the court, and the

jury returned a verdict for defendant, also finding for the defendant for the amount of $63.97 sought in the cross-petition, and judgment was entered on this verdict.

Plaintiff's motion for new trial was overruled, and the plaintiff has appealed from the judgment and order denying the motion for new trial. Eight assignments of error are submitted under three propositions, the first of which is the contention the verdict is not sustained by the evidence, and is contrary to law. The basis of the plaintiff's argument is that the only proposition presented to the trial court was the question whether plaintiff and defendant entered into a new contract, and whether the new contract was substituted for the old one, and, if there was a new contract, whether it was valid.

The plaintiff contends the evidence was insufficient to establish a new contract was agreed to between the parties. To sustain this argument plaintiff cites and relies upon the cases of Martin v. Leeper Bros. Lumber Co., 48 Okla. 219, 149 P. 1140, and James et al. v. Johnson et al., 180 Okla. 106, 69 P.2d 51, both of which deal with the elements and requirements of a novation. Particular reliance is placed upon the Johnson Case, supra, wherein this court pointed out that the only evidence of a novation was the testimony of Johnson, who claimed existence of a novation. The court then stated a novation is never presumed, but must always be proved.

The defendant in the case at bar pleaded the new agreement with the plaintiff, setting up in his answer that this agreement regarding the reduction in the rent was entered into in view of the fact certain improvements plaintiff had agreed to make had not been made.

The plaintiff, of course, testified no such agreement was ever made. The defendant testified to the agreement, and that same was entered into about July 25, 1931. Thereafter, on cross-examination, defendant testified this new agreement was made about the first of the year, 1930. Inasmuch as defendant did not rent the premises until March, 1930, it seems quite apparent this contradictory evidence was of little importance, but may well be explained on the basis of other testimony tending to show the parties had several misunderstandings, and therefore could not definitely place the exact time of the discussion leading up to the making and entering of the new agreement.

Neither is the evidence showing defendant's payments often amounted to more than the rent would be for a year decisive as going to show that defendant paid at a rate nearer $20 per month than the $10 rental rate defendant claimed under the later agreement, for this is most probably explained in view of the fact that a large portion of the payments made were in the form of grocery orders plaintiff drew upon defendant, and which were credited as rent payments by both parties.

It should be noted defendant paid $156 for 1930, occupying the building nine months, and in his answer admitted being $24 in arrears, which shows the calculation was based on the rate of $20 per month. Thereafter, defendant paid $105.50 for 1931, $125 for 1932, $219.45 for 1933, $181.87 for 1934, and $64.40 for seven months of 1935. From this plaintiff contends defendant was overpaying the rent, although he testified he did not know he was overpaying, and infers the overpayments were made by reason of the fact defendant realized he was in arrears. However, in view of the record, we decline to place plaintiff's interpretation upon these facts, especially since it has already been noted that a large amount of the payments credited as rent paid were grocery orders plaintiff gave to numerous parties.

Although the evidence in regard to whether the parties had made a new agreement was conflicting, the jury passed upon this evidence and resolved the controversy in favor of the defendant, and we decline to overthrow the findings of the jury in this respect.

The second proposition urges error on the part of the trial court in admitting testimony of two witnesses who testified as to the condition of the building, the contention being that this testimony was incompetent, did not serve to prove any of the issues raised by the pleadings, and served only to prejudice the jury against the plaintiff.

However, the plaintiff does not point out with any particularity in what respect the jury was prejudiced by this evidence, other than to claim the jury was prejudiced by this testimony. Unless pointed out wherein the admission of this testimony violated a substantial right or brought about a miscarriage of justice, the admission of this evidence was, at best, harmless error, and the judgment will not be disturbed on appeal. Muskogee Elec. Trac. Co. v. Dun-

nam, 129 Okla. 70, 263 P. 1091; Pease v. Golightly, 168 Okla. 582, 35 P.2d 469, 94 A. L. R. 956; Streeter v. Anderson, 172 Okla. 113, 43 P.2d 53.

The third proposition urged by plaintiff as grounds for reversal deals with the refusal to give requested instructions and in the giving of an instruction by which the trial court charged the jury.

The instruction given by the court, and of which plaintiff complains, told the jury the burden of proof was upon the defendant to prove **by a fair preponderance of the evidence** that a new contract had been entered into by the parties.

The plaintiff requested an instruction "that to establish novation by the substitution of a new contract **the evidence must clearly show** that the parties agreed to the substitution."

Defendant now urges there is considerable difference between the language used in the instruction given and the language of the requested instruction, in fixing the degree of proof required of defendant to establish novation. As the basis for this argument plaintiff relies upon Gaar, Scott & Co. v. Rogers, 46 Okla. 67, 148 P. 161, in which this court stated novation must be shown "by a clear preponderance of the evidence."

In the Rogers Case, supra, this court used the following language:

"The entire weight of authority is to the effect that novation is never presumed, but the contract must be clearly proven."

Plaintiff urges that since this court has declared, in accord with the weight of authority, novation must be "clearly proven," a higher degree of proof is required than a fair preponderance of the evidence.

We are unable to accept this conclusion. The court charged the jury the defendant carried the burden of showing a new and different agreement, and we do not believe either that the requested instruction would have made it necessary for the jury to have considered a higher degree of proof proper, or that an instruction telling the jury it was necessary to find by a "fair preponderance" of the evidence allowed the jury to accept a lesser degree of proof. To our mind the instructions given fairly stated the law and there was no error in the trial court's refusal to grant the plaintiff's requested instruction.

Judgment affirmed.

BAYLESS, C. J., and OSBORN, HURST, and DANNER, JJ., concur.