ERWIN et al. v. BREESE et al.

No. 29771. Nov. 19, 1940.

Rehearing Denied Dec. 24, 1940.

Application for Leave to File Second Petition for Rehearing Denied Feb. 4, 1941.

*109 P. 2d 507.*

P. D. Erwin, of Chandler, for plaintiffs in error.

Keaton, Wells & Johnston, of Oklahoma City, for defendants in error.

DAVISON, J. Josephine Breese, hereinafter called plaintiff, instituted this action in the district court of Oklahoma county against several defendants, among them P. D. Erwin and Walter C. Erwin. P. D. Erwin and Marie Fite Erwin, who has succeeded to the interest of Walter C. Erwin, now deceased, are the only original defendants interested in this appeal, the judgment having become final against all other defendants.

The purpose of the action was to foreclose a real estate mortgage and to quiet title as against all defendants. The trial court decided the issues in favor of the plaintiff. P. D. Erwin and Marie Fite Erwin, as plaintiffs in error, have perfected this appeal. They will be referred to as they appeared in the trial court when not otherwise designated.

On July 30, 1919, Robert Hall, now deceased, was the owner of 160 acres of land. On that date he executed his note for $2,000 in favor of the American Investment Company. This note was due and payable January 1, 1929. Its payment was secured by a real estate mortgage covering the lands above referred to. Subsequent to the execution of this note and mortgage, Robert Hall executed and delivered to the defendants a quitclaim deed conveying to them an undivided one-fourth interest in the mineral rights in and under the lands in question. Shortly thereafter, Robert Hall died and the administrator of his estate conveyed to T. H. Ray all of the interest of Robert Hall in and to the lands involved herein. The note and mortgage in question had been duly assigned to L. H. Schwabacher, who was the owner at the time the estate of Robert Hall was probated and no claim was ever filed against said estate. During the principal term of the note and mortgage, after the purchase of the lands by Ray, the interest owed, as represented by the interest coupons attached to the original note, was paid by Ray until the year 1929.

On November 23, 1928, an extension agreement was executed by and between T. H. Ray, the owner of the fee interest (except the mineral rights owned by the Erwins), and L. H. Schwabacher, who was the owner of the note and mortgage. As a part of the extension agreement T. H. Ray executed ten interest coupons due serially thereafter on the first day of each year. In September, 1930, L. H. Schwabacher assigned the original note and mortgage, together with the extension agreement and interest coupons, to the plaintiff. Thereafter, Ray paid the interest cou-

pons as they became due up to and including the one due January 1, 1938. No part of the principal indebtedness was paid at the maturity of the extension agreement. It was stipulated that neither P. D. Erwin, Walter C. Erwin, nor Marie Fite Erwin ever paid any of the interest or principal on the debt described in the mortgage and referred to in the extension agreement.

The first question presented is whether this action was barred as to defendants' mineral interest by the five-year statute of limitations. The defendants contend that, since the mortgage was due on January 1, 1929, plaintiffs' cause of action was barred on January 2, 1934, because no suit was instituted within five years of the original maturity date of the mortgage. We are unable to agree with this contention. The plaintiff's right was wholly in rem with no right in personam. The extension agreement as against the land, including the mineral rights owned by defendants, did not create a new mortgage, but specifically stated that it was an extension of the time to pay the original note, which was to remain secured by the same mortgage. The original mortgage was enlarged only to the extent that Ray became personally liable for the payment of the mortgage indebtedness and he was given an extension of time within which to pay same. The extension agreement created no new or subsequent debt which had the effect of paying off the original mortgage, and it provided that the original mortgage would remain in full force and effect.

We said in the case of Unger v. Shull, 154 Okla. 277, 7 P. 2d 881, that:

"A mortgage secures a debt or obligation, and not the evidence of it, and no change in the form of the evidence, or in the mode or time of payment, can operate to discharge the mortgage. So long as the debt secured remains unpaid, neither the renewal nor substitution of the evidence of the debt will impair the lien of the mortgage."

The above rule was followed in the case of Lincoln National Life Insurance Co. v. Rider, 171 Okla. 262, 42 P. 2d

842. The facts in the last-cited case are almost identical with the facts in the case at bar. There it was held that the same debt remained in existence and that certain of the parties involved merely changed their positions with relation thereto.

The fact situation in the case at bar and the case of Smith v. Bush, 173 Okla. 172, 44 P. 2d 921, are slightly different in that in the latter case the extension agreement was made by the original debtor and mortgagor who still retained an interest in the mortgaged premises. The principle of law, however, is the same.

The authorities on this question in other jurisdictions are in conflict, but the case of Lincoln National Life Insurance Co. v. Rider, supra, is controlling in this jurisdiction. We therefore hold that all of the interest payments provided for under the extension agreement having been met until January 1, 1939, and this suit having been filed in 1939, the five-year statute of limitations was not an available defense to defendants under the facts herein presented.

The defendants further contend that the acceptance of the extension agreement from T. H. Ray released the mortgage on their royalty interest. They then cite a number of authorities pertaining to the law of novation in support thereof. This contention was also made in the case of Lincoln National Life Insurance Co. v. Rider, supra, and there this court said:

"In every novation there are four essential requisites: (1) a previous valid obligation; (2) the agreement of all the parties to the new contract; (3) the extinguishment of the old contract; and (4) the validity of the new one. A novation is a new contractual relation."

The same statement of law is set forth in the case of James v. Johnson, 180 Okla. 106, 69 P. 2d 51.

Under the facts herein presented, the third necessary element for a novation is lacking, and therefore this defense is not available to defendants. The extension agreement as hereinbefore set

forth did not extinguish the old mortgage. There was but one mortgage and by the specific provisions of the extension agreement this mortgage was to *remain in full force and effect.* Other facts hereinbefore related pertaining to the extension agreement are pertinent to the decision on this question and need not be again narrated.

The judgment is affirmed.

OSBORN, GIBSON, HURST, and NEFF, JJ., concur.