CLARKE v. CLARKE.

No. 31766. Oct. 31, 1944.

*152 P. 2d 908.*

Rittenhouse, Webster, Hanson & Rittenhouse, of Oklahoma City, and Jochems, Sargent & Blaes, of Wichita, Kan., for plaintiff in error.

Tom W. Garrett, of Oklahoma City, and Ray S. Fellows, of Tulsa, for defendant in error.

HURST, J. This is a suit by George W. Clarke, as plaintiff, against Fred C. Clarke and Mae Bodine Clarke, husband and wife, to recover on three promissory notes and to foreclose a real estate mortgage given to secure the indebtedness represented by the notes. The plaintiff alleged that the notes sued on constituted the third renewal of the mortgage indebtedness. The defendants were served by publication notice. Fred C. Clarke made default. Mae Bodine Clarke filed an answer denying that she was personally liable on the notes and alleging that the mortgage is barred by the statute of limitations.

The case was tried on a written stipulation, the material part of which is as follows:

"1. That the defendants, Fred C. Clarke and Mae Bodine Clarke, executed their promissory note of $13,500.00 to the plaintiff, Geo. W. Clarke, on June 1, 1928, and executed a mortgage covering the property described in plaintiff's petition as security for said indebtedness. That said property was the homestead of the defendants herein, and remains the homestead of the parties at this time, although said defendants are temporarily residing at other places.

"2. That the defendant, Fred. C. Clarke, and the plaintiff, Geo. W. Clarke, will testify that the defendant, Fred C. Clarke, executed various notes from time to time on the debts and amounts that are alleged in the first paragraph of plaintiff's petition. That said amounts, at the time of execution of said notes, represented the unpaid principal of the original sum of $13,-500.00 and the accrued interest, so that at the time of the filing of this action there was due the plaintiff from the defendant, Fred C. Clarke, the sum of $28,433.00, with interest at 5% per annum from February 1, 1943, said sum represented the original sum of $13,-500.00 and interest thereon to February 1, 1943. Said defendants did not pay any amount of the principal or interest."

No evidence was offered or introduced other than the stipulation, the notes, mortgage, and certain insurance policies, not here material, all of which were introduced after defendant's objection to the introduction of evidence was overruled. From a decree foreclosing said mortgage, Mae Bodine Clarke has appealed. No personal judgment was rendered against either of the defendants.

The three notes sued on were straight promissory notes and did not recite that they were renewal of the note referred to in the mortgage or otherwise state the consideration or purpose for which they were given. Appellant argues that they are not sufficient to constitute an acknowledgment of or a promise to pay said original indebtedness so as to toll the statute of limitation, 12 O. S. 1941 §101, and that parol evidence was not admissible to establish that fact. If the statute of limitations was not tolled by the giving of said notes, the plea of limitations should be sustained.

We are not dealing with a case where the written acknowledgment or promise is in the form of a letter, as is usually the case under the tolling statute, such as is discussed in Stone v. Smoot, 191 Okla. 512, 131 P. 2d 85, 143 A. L. R. 1426, 17 R. C. L. 905, §264, 34 Am. Jur. 248, § 308, and Ann. Cas. 1914 B, 223, note. The precise question for decision is whether parol testimony is admissible to prove that the promissory notes were given as renewal of the indebtedness described in, and secured by, the mortgage. We think this question must be answered in the affirmative.

The rule in this state is that a mortgage secures the debt or obligation, and not the evidence of it, and no change in the form of the evidence of the debt or in the mode or time of payment can operate to discharge the mortgage. First Nat. Bank v. Hendrick, 135 Okla. 260, 275 P. 314; Erwin v. Breese, 188 Okla. 391, 109 P. 2d 507. See, also, 36 Am. Jur. 919.

And where, in a note or other written contract, the statement of the consideration is a mere recital amounting to a receipt and is not contractual in form (McNinch v. Northwest Thresher Co., 23 Okla. 386, 100 P. 524, 138 Am. St. Rep. 803; 20 Am. Jur. 975; 10 R. C. L. 1044; 22 C. J. 1171; 32 C. J. S. 889), parol evidence is admissible to prove the true consideration. Roberts v. Boydston, 186 Okla. 336, 97 P. 2d 898;

Bank of Commerce v. Webster, 70 Okla. 68, 172 P. 943; 10 R. C. L. 1042; 8 Am. Jur. 656; 20 Am. Jur. 973; 22 C. J. 1164; 11 C. J. S. 125; 32 C. J. S. 878.

We have held that, where the rights of a holder in due course are not involved, parol testimony is admissible to prove that the note sued on was given as a renewal note, and that the note of which it is a renewal has been paid. Powell v. Security Nat. Bank, 141 Okla. 169, 284 P. 5. The general rule seems to be that, where the rights of a holder in due course are not involved, evidence as to the nature of the liability of the parties, their relation to each other, and the circumstances under which a promissory note was executed is admissible. 8 Am. Jur. 659; 11 C. J. S. 140. And this rule applies to contracts in general. 22 C. J. 1259.

Here, as above stated, the notes were silent as to the purpose or consideration for which they were given, and parol testimony identifying the debt they represented and the purpose for which they were given did not contradict or vary the terms of the notes, and the parol evidence rule does not make such testimony inadmissible.

It was not necessary that Mrs. Clarke sign the new promise or acknowledgment in order to toll the statute as to the mortgage. Kenney v. Eblen, 181 Okla. 514, 75 P. 2d 177.

We conclude that the plaintiff sufficiently established that the three notes sued on were a renewal of the indebtedness represented by the note described in the mortgage, and that they constituted an "acknowledgment" and "promise to pay" as those terms are used in 12 O. S. 1941 §101 and had the effect of tolling the statute of limitations as to both defendants in so far as the mortgage lien is concerned.

Affirmed.

GIBSON, V. C. J., and RILEY, BAYLESS, and ARNOLD, JJ., concur.