### DRUMMOND v. HALES.

#### No. 4268.

United States Court of Appeals
Tenth Circuit.

Oct. 24, 1951.

Charles Hills Johns, Oklahoma City, Okl., for appellant.

John M. Poindexter, Ardmore, Okl. (Earl Q. Gray, Ardmore, Okl., on the brief), for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

Appellee, J. A. Hales, sued appellant, Alfred A. Drummond, for the recovery of $3,793.03 and interest, the balance due on a sight draft drawn by Drummond on the Webb Packing Company and made payable to the First National Bank of Fort Smith, for the benefit of appellee Hales.[1] The complaint set up alternative causes of action in two counts. Since the jury's verdict and the judgment entered thereon are predicated on the first cause of action, no reference need be made to the second cause of action and all statements herein will be predicated on the first cause of action.

The amended complaint in substance alleged that on December 2, 1948, Drummond executed and delivered to Hales his sight draft, drawn by him on the Webb Packing Company at the Northwest National Bank, Philadelphia, Pennsylvania, and payable to the First National Bank of Fort Smith, Arkansas; that the draft was deposited for collection in the First National Bank at Fort Smith, Arkansas, and was in due course of business presented for payment to the Webb Packing Company, but that it refused to accept or pay the draft; that upon its return Hales immediately notified Drummond, who requested that the draft be again sent through the regular banking channels for payment; that this was done, but it was again dishonored; that on January 2, 1949, Drummond sent by mail to Hales a check in the amount of $4,793.03, drawn by the Webb Packing Company and made payable to the order of Drummond, who then endorsed it over to Hales and requested him to send this check through the regular banking channels for payment, with the understanding that when paid it should be applied in payment of the obligation represented by the draft first given by Drummond; that Hales duly presented the check for payment but that it was dishonored, protested and returned unpaid; that thereafter on January 29, 1949, Drummond by letter sent Hales four checks of the Webb Packing Company, made payable to Drummond and endorsed by him to Hales, three for $1,000 and one for $1,793.03, with a request that Hales send these checks through the regular banking channels for payment, with the understanding that when paid they should be applied upon the indebtedness represented by the draft; that these checks were sent through the regular channels and all but one for $1,000 were dishonored. The prayer was for recovery of the balance due on the draft, after crediting Drummond's indebtedness thereon with the payment of the $1,000 check.

The defense was that Drummond was acting solely as agent of Webb Packing Company; that he advised Hales that he was so acting and that he, Drummond, would have no interest or share in the cattle; that he signed the draft merely as agent of Webb Packing Company, all of which was known to Hales and that Hales looked to Webb Packing Company for payment of the draft. This was the issue upon which the case was tried and submitted to the jury under the court's instructions.

There was a sharp conflict in the testimony of Hales and Drummond. It is conceded that Hales knew that Drummond was the agent of the Webb Packing Company in the purchase of these cattle and that he was an order buyer, buying the cattle for the Webb Packing Company. Hales, however, testified that he knew Drummond and his financial responsibility and looked to him alone for the payment of the cattle. Drummond, on the other hand, testified that he

[1]. The draft read as follows:

"First National Bank 81–31.

"Fort Smith, Ark., 12–2–1948.

"Sight—Pay to the order of First National Bank, Fort Smith Ark., Forty-seven Hundred Ninety-three and 03/100 Dollars—$4793.03.

"Value received and charge to account of Webb Packing Company, North West National Bank, Philadelphia, Pa.

"Customer's draft.

"With exchange and collection charge—Alfred A. Drummond—Collection 19744–3–231."

gave this draft merely as agent for the Webb Packing Company and there was no intent on his part to become personally liable and that this was understood by Hales.

In support of his contentions Drummond urges the fact that he furnished Hales with the Packing Company's address; that Hales' office called them and satisfied themselves as to its financial responsibility. The testimony on behalf of Hales, however, was that the only purpose of the communication with the Packing Company was to ascertain whether Drummond had authority to draw the draft and that the inquiry was limited to that question. Testimony was also offered to the effect that when an order purchaser bought cattle, by custom, he was required to pay for them before they would be delivered to him. There is other evidence tending to support both appellant and appellee in their version of the transaction. The above recitation, however, is sufficient to show that there was a substantial conflict in the evidence.

Appellee objected to the receipt of this oral testimony on the ground that it tended to vary the clear, plain terms of the draft. Title 48 § 142 O.S.A. of the Negotiable Instruments Act, among others, provides that the drawer of a draft agrees that, if upon presentation the instrument is not accepted and paid and if necessary proceedings on dishonor are taken, he will pay the amount thereof to the holder. The section specifically provides that the drawer "may insert in the instrument an express stipulation negativing or limiting his own liability to the holder." This section of the Oklahoma Act is identical with Section 61 of the Uniform Negotiable Instruments Act. Drummond did not seek or undertake to limit his liability under this statutory provision and, unless he may show by parol evidence, notwithstanding his failure to avail himself of the benefits of the statutory provisions, that his liability is other than that imposed upon him by the clear provisions of the statute, he is liable and the evidence was improperly received.

While the authorities are not unanimous, the great weight of authority is that in the absence of limiting words in the draft itself, parol evidence is inadmissible to vary the statutory obligation of a drawer of a draft. 3 Ruling Case Law § 356 states the rule as follows: "And although there is not entire uniformity in the authorities upon the question, their decided weight supports the principle that evidence is not admissible to prove a contemporaneous parol agreement that the liability of the drawer of a bill of exchange is not to be enforced."

Parsons on Notes and Bills, 501, states the rule as follows: "It is a firmly settled principle that parol evidence of an oral agreement alleged to have been made at the time of the drawing, making, or endorsing of a bill or note, cannot be permitted to vary, qualify or contradict, to add to or subtract from, the absolute terms of the written contract." This statement of the law is cited with approval by the Supreme Court in cases involving similar questions. See Specht v. Howard, 83 U.S. 564, 21 L.Ed. 348, and Martin v. Cole, 104 U.S. 30, 26 L.Ed. 647. See also 32 C.J.S., Evidence, § 990(b).

In Cummings v. Kent, 44 Ohio St. 92, 4 N.E. 710, 713, E. Cummings signed a draft as drawer drawn on Chamberlin Mathers and Company and made payable to B. C. Kent. When sued thereon as drawer, he sought to show by parol evidence that the draft was accepted by Kent in settlement of an account and that Kent agreed to look to the drawee alone. The Supreme Court held the evidence inadmissible stating that, "While there is not entire uniformity in the authorities upon the question, their decided weight will be found to support the principle that evidence is not admissible to prove a contemporaneous parol agreement that the liability of the drawer of a bill of exchange is not to be enforced." It cites in support of its holding the case of Wood v. Surrells, 89 Ill. 107.

Falk v. Moebs, 127 U.S. 597, 8 S.Ct. 1319, 1322, 32 L.Ed. 266, involved a promissory note. The Supreme Court quotes with approval from 1 Parsons on Notes and Bills, 92, as follows: "'If the agent signed the note with his own name alone, and there is nothing on the face of the note to show that he was acting as agent, he will be personally liable on the note, and the principal will not

be liable. And although it could be proved that the agency was disclosed to the payee when the note was made, and that it was the understanding of all parties that the principal, and not the agent, should be held, this will not generally be sufficient, either to discharge the agent or to render the principal liable on the note.'"

In Weagant v. Camden, 37 Okl. 508, 132 P. 487, in an action between the original parties to a note, a suit was brought against a number of individuals as makers on the note. They attempted to prove by parol testimony that they had signed the note only on behalf of the corporation. The Supreme Court stated: "Where a number of persons signed a promissory note in their individual names, and nothing appears on the face of the instrument to suggest that they executed the same in a representative character, it was error, in a suit on a note, to admit parol evidence tending to show that they executed it as directors in a corporation."

Clarke v. Clarke, 194 Okl. 455, 152 P.2d 908, 910, is cited in support of the admission of the oral testimony. It is true that the court stated that "The general rule seems to be that, where the rights of a holder in due course are not involved, evidence as to the nature of the liability of the parties, their relation to each other, and the circumstances under which a promissory note was executed is admissible." But that statement was not essential to the decision. The defense was failure of consideration and as to that the court said: "Here, as above stated, the notes were silent as to the purpose or consideration for which they were given, and parol testimony identifying the debt they represented and the purpose for which they were given did not contradict or vary the terms of the notes, and the parol evidence rule does not make such testimony inadmissible."

In 32 C.J.S., Evidence, § 991, is found a detailed discussion of the law relating to instruments signed by agents. The discussion is summed up as follows: "The foregoing principle cannot, however, be carried to the extent of varying the express terms of the writing, and it has accordingly been held that, if a contract purports to be executed by one in his own behalf, or shows without ambiguity that the one so executing, although an agent, binds himself as principal, parol evidence is inadmissible to show that the agent acted for his principal in making the contract."

The only case directly in point, which on first blush seems to be contrary, is Lyon County State Bank v. Schaefer, 102 Kan. 868, 171 P. 1159. In the opinion it is stated that "The mere form of the draft was not important. The true relationship of the parties was a proper subject of judicial inquiry." In the syllabus, which in Kansas states the law of the case, it is stated that "Between the original parties—the nominal drawer of a dishonored sight draft, the party for whose benefit the draft was drawn and deposited in a bank for collection, and the bank which honored the checks of such depositor drawn in anticipation of the draft being collected—parol evidence was competent in an action by the bank against the depositor to show the relationship of the parties and the nature and conditions of the deposit." The question in that case involved the liability of Schaefer, for whose benefit the draft was drawn, to the bank, which by an oral agreement had credited Schaefer's account in the amount of the draft and permitted him to draw on the account, pending collection of the draft. The draft was dishonored and the bank sued him for reimbursement of the amount he had withdrawn from the account, in pursuance of the arrangement with the bank.

Title 48, § 142 O.S.A. is clear as to the manner in which a drawer of a draft may absolve himself from liability when acting as an agent for another. Drummond did not comply with the statute. Having failed to do this, parol evidence was inadmissible to absolve him of his statutory liability as a drawer of the draft in question. Had this evidence been excluded, the court would as a matter of law have been required to instruct the jury to render the same verdict for Hales that it did return upon submission of the case to it.

The judgment of the court as entered is correct and is, therefore, Affirmed.