Wat HENRY, Plaintiff in Error,

v.

Stanley Marion HOPE and Mrs. Stanley Hope, Defendants in Error.

No. 37617.

Supreme Court of Oklahoma.

Oct. 8, 1957.

Rehearing Denied Nov. 6, 1957.

Hughey Baker, Tulsa, for plaintiff in error.

J. C. Farmer, Robert J. Woolsey, Otho Flippo, J. B. Bailey, Thomas W. Brown, Tulsa, for defendants in error.

## PER CURIAM.

This action was initiated by Stanley Marion Hope, defendant in error, plaintiff below, to recover a certain sum alleged to be due from Wat Henry, plaintiff in error, defendant below, pursuant to performance by defendant in error of an oral contract to refrain from leasing certain real estate for oil and gas exploration pending acquisition of adjacent property by plaintiff in error, with the further agreement, also performed by him, that defendant in error would thereupon execute an oil and gas lease on this property to plaintiff in error. During the trial it developed that defendant in error's wife, Mrs. Hope, owned an interest in the property and she was made a party plaintiff by order of the court. Prior to trial the original defendant died and the action was properly revived against the co-executors of his estate. Continued reference to the parties will be by their trial court status.

The plaintiffs' petition alleged that they owned the property; that defendant was engaged in the exploration and production of oil; that on August 3, 1951, plaintiffs executed a ninety-day lease of the property to defendant; that on November 3, 1951, they executed a second ninety-day lease to defendant which also expired; that during this period defendant was attempting to lease certain property adjacent to theirs but was unable to procure the lease from that owner until he had been successful in an action brought to cancel an existing lease; that instead of procuring a third lease from plaintiffs, defendant, through his agent, offered and agreed to pay plaintiffs $50 per month until the litigation concerning the adjacent property was successfully terminated and a lease covering that property secured by him, upon plaintiffs' agreement to refrain from leasing their property to anyone else during this period and to execute a lease to defendant when the aforementioned litigation had terminated; that plaintiffs accepted and have performed their part of the contract but that defendant has refused to pay them the amount due; that the account has been

rendered for taxation and all taxes paid; that they are entitled to judgment in the amount of $1011.66. On trial, plaintiffs' proof substantiated the allegations of their petition and their refusal to lease the property to other persons who made them offers, and the jury returned a verdict in their favor upon which the court entered judgment.

Defendants' initial proposition is their allegation that the court erred in permitting parol evidence to be introduced which varied the terms of a written contract. This argument is based on the assumption that the third lease constituted the contract between the parties and that nothing contrary to it was admissible. We are of the opinion that defendants have misconstrued the subject of the action.

■ While it is true that the petition pleads the three leases executed by the plaintiffs and that this third lease, a producers 88 form with a recitation of "One Dollar and other good and valuable considerations," has all reference to delay rentals crossed out, these leases were pleaded only as facts tending to establish circumstantially the truth of the contract alleged, i. e., the agreement for the payment of $50 per month in consideration of plaintiffs' not leasing the property to anyone else pending defendant's acquisition of the adjacent lease and thereafter leasing the property to him. The testimony concerning this agreement in no way tends to vary the terms of the lease executed by plaintiffs in performance of their obligation under the contract. This agreement has nothing to do with the terms of the lease contract other than that the lease was a part of the total agreement between the parties. The parol evidence rule is that such evidence is inadmissible to vary the terms of a written contract between the parties, and that negotiations between them concerning its terms prior to the execution of the written instrument are merged in the writing. But, a distinct parol agreement between the parties, although prior to or contemporaneous with the written contract,

and not contradictory of it, is not excluded by the rule. Mid-West Chevrolet Corp. v. Noah, 173 Okl. 198, 48 P.2d 283; Mackin v. Darrow Music Co., 69 Okl. 1, 169 P. 497. See also, Edwards v. City Nat. Bank of McAlester, 83 Okl. 204, 201 P. 233; Jesse French Piano & Organ Co. v. Bodovitz, 73 Okl. 87, 174 P. 765; Smith v. Bond, 56 Okl. 112, 155 P. 1116. Even if this $50 per month is construed to be the consideration for the execution of the third lease, the result would be no different. Where, in a contract, the statement of the consideration is a mere recital amounting to only a receipt and is not contractual in form, parol evidence is admissible to prove the true consideration. Clarke v. Clarke, 194 Okl. 455, 152 P.2d 908. For an excellent discussion of the rule and its application, see Wigmore on Evidence, 3rd Ed., § 2400 et seq., especially § 2430 et seq. on "Partial Integration."

■ Defendant's second proposition concerns an instruction given by the court which contains the language of 15 O.S. 1951 § 137, verbatim (our statute declaratory of the common law rule of parol evidence) with the qualification which we have noted above concerning a separate contract. The court's instructions were not objected to and a notation of the objection made on the instruction as required by 12 O.S.1951 § 578. Thus the defendants have failed to properly record an objection in order to preserve the matter for review. Klaus v. Fleming, Okl., 304 P.2d 990.

■ The defendants have argued several other related propositions, to which we have given careful consideration; but our conclusions on the matter hereinabove discussed dispose of the remaining propositions presented. The evidence on the existence of a contract was conflicting. We are bound by the jury's determination on this matter where, as here, there is any evidence reasonably tending to support its conclusion. Kansas City Southern R. Co. v. Martin, Okl., 293 P.2d 600.

The judgment is affirmed.

DAVISON, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by the Commission, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.